OPINION OF THE COURT
Rudolph U. Johnson, J.
Plaintiffs, August and Helen Chiasera, seek an order of this court pursuant to CPLR 3211 (subd [b]) dismissing an affirmative defense as interposed in the answer of the defendant Ignatius S. Bertola, M.D.
The underlying facts are not disputed. Plaintiff, August *878 Chiasera, injured his back while working at Spaulding Fibre Co., Inc. in Tonawanda, New York, on March 1, 1975. Plaintiff was directed by defendant Employers Mutual Liability Insurance Company of Wisconsin, the workers’ compensation carrier for Spaulding, to be examined by defendant Bertola. Plaintiff submitted to physical examination on March 22, 1976 and now alleges that, during the course of that examination, he was injured by defendant Bertola.
Plaintiffs commenced suit against defendant Bertola on March 6, 1979 on a theory of ordinary negligence. Defendant Bertola, however, responds that plaintiffs’ cause of action is for a breach of a duty in rendering professional medical services and, therefore, sounds in medical malpractice. As such, defendant raises the affirmative defense that the plaintiffs’ cause of action is time barred, having been commenced more than two and one-half years subsequent to accrual (CPLR 214-a).
At the outset, upon the facts submitted, we cannot conclude that a physician-patient relationship, based on either an expressed or implied contract, existed between plaintiff August Chiasera and defendant Bertola. Defendant Bertola is here in the employ of defendant Employers Mutual to provide it with his professional opinion of the extent of plaintiff August Chiasera’s injury.
In this posture, the physician examines not for the purpose of treatment, but solely for the insurance company’s review, thereby allowing it to better evaluate the merits of the employee’s claim. Should the company decide to challenge the compensation claim, the physician’s report would subsequently be admitted as evidence at a compensation hearing and serve as the basis of the examining physician’s testimony at that hearing. Irrespective of the statutory scheme of the Workers’ Compensation Law which has removed the traditional adversary stance between an injured employee and his employer, we believe that the physician’s examination under these circumstances may fairly be construed as adverse to the claimant’s interests. Such an examination is not unlike the physical examination demanded of a plaintiff in a personal injury action and which enables the defendant to challenge, at trial, the physical condition of the plaintiff.
As it is the very nature of the physician-patient relationship which establishes the physician’s duty to treat the patient with professional medical skill, without this essential element *879 there can be no claim for medical malpractice. (See, Hale v State of New York, 53 AD2d 1025; Kramer, Medical Malpractice [4th ed], pp 6-8.)
In the instance before us then, this limited form of medical evaluation cannot be elevated to a full physician-patient relationship with all of the professional duties encompassed therein. However, the physician is not free of all responsibility but still owes a duty of ordinary care not to injure the employee during the course of his examination. A breach of that duty will, therefore, give rise to a cause of action founded in ordinary negligence, subject to the three-year Statute of Limitations of CPLR 214.
While we find no New York appellate-level decisions dealing precisely with this problem, comparative review has been had in other jurisdictions. (See New York Cent. R. R. Co. v Wilec, 124 Ohio St 118; Rogers v Horvath, 65 Mich App 644; Keene v Wiggins, 69 Cal App 3d 308; Johnston v Sibley, 558 SW2d 135 [Tex]; Armstrong v Moran, 545 SW2d 45 [Tex].)
Accordingly, plaintiffs’ motion is granted and plaintiffs are directed to forward an order in conformance with this decision.