# FRANK T. TWITCHELL et al., Respondents-Appellants, v S. ROSS MACKAY, Appellant-Respondent.

Fourth Department, December 23, 1980

APPEARANCES OF COUNSEL

*Robert J. Hirsch, P. C. (Laura Poyser* of counsel), for appellant-respondent

*Bond & McDonald (William J. McDonald* of counsel), for respondents-appellants

### OPINION OF THE COURT

DOERR, J.

In this action brought by plaintiffs to recover for personal injuries allegedly inflicted upon plaintiff Frank Twitchell by defendant, a medical doctor, in the course of an examination of Frank Twitchell's knee for disability insurance purposes, the complaint alleges five separate causes of action numerically designated as follows: first, medical malpractice; second, negligence; third, intentional tort and lack of informed consent; fourth, (derivatively) medical malpractice; fifth, (derivatively) negligence. The second, third and fifth causes of action contain relief clauses in which a specific dollar amount is requested. Additionally the complaint seeks punitive damages in the sum of $2,000,000 for the same causes of action. The acts complained of in the several causes of action are largely indistinguishable save for the elimination from the second and fifth causes of action of paragraph 15 of the complaint which, *inter alia*, uses the precise words "medical malpractice".

Defendant moved pursuant to CPLR 3211 (subd [a] par 7) and CPLR 3017 (subd [c]) for an order dismissing the second, third and fifth causes of action along with any alleged cause of action for punitive damages on the ground that CPLR 3017 (subd [c]) prohibits the inclusion of any statement of specific monetary damages in a complaint based upon medical malpractice. Special Term granted the motion insofar as it related to the third cause of action and denied the motion as to the second and fifth causes of action. Both parties appeal from that determination.

As noted above, in their complaint plaintiffs have attempted to state alternative theories for recovery. Noteworthy is the fact that they also make inconsistent claims in their several causes of action, for on this appeal they argue that no physician-patient relationship existed between plaintiff Frank Twitchell and defendant MacKay. Consequently, they assert that there can be no claim for medical malpractice. Pleading inconsistent or alternative causes of action is specifically permitted by statute (CPLR 3014, 3017, subd [a]) and there is no dispute that an action for personal injuries may be maintained, in the proper case, on the dual theories of medical malpractice or simple negligence where a person is under the care and control of a medical practitioner or a medical facility *(Hale v State of New York,* 53 AD2d 1025). "To prove the negligence, in many instances, it will not be necessary to get into the realm of malpractice. Thus, the leaving of an inflammable substance spilled on sheets *(Bing* v. *Thunig,* supra) ; the application of a scalding hot water bottle to a patient *(Phillips* v. *Buffalo Gen. Hosp.,* 239 N. Y. 188) ; an electric light left negligently under the sheets by an attendant *(Dillon* v. *Rockaway Beach Hosp.,* 284 N. Y. 176) ; failure to have sideboards placed on the bed *(Lee v. Glens Falls Hosp.,* 265 App. Div. 607; *Ranelli* v. *Society of N. Y. Hosp.,* 269 App. Div. 906) ; a mistakenly administered blood transfusion *(Necolayff* v. *Genesee Hosp.,* 270 App. Div. 648) ; and a mistaken dispensing of drugs and medicines to patients *(Volk* v. *City of New York,* 284 N. Y. 279) are all cases of negligence easily discernible by a jury on common knowledge." *(Morwin v Albany Hosp.,* 7 AD2d 582, 584-585.) Malpractice of course is negligence but the jury must usually be presented with evidence educed from the testimony of conflicting experts *(McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20; *Hale v State of New York, supra; Morwin v Albany Hosp., supra).* Thus the test becomes one of whether the case involves a matter of science or art requiring special knowledge or skill not ordinarily possessed by the average person (PJI 1:90) or is one where the common everyday experiences of the trier of the facts is sufficient in order to reach the proper conclusion. In the former, expert opinion testimony is ordinarily required to aid the trier of the facts;

in the latter it is unnecessary.

The standards of legal responsibility for those engaged in the practice of medicine is aptly set forth in *Pike v Honsinger* (155 NY 201, 209), wherein the court stated: "The law relating to malpractice is simple and well settled, although not always easy of application. A physician and surgeon, by taking charge of a case, impliedly represents that he possesses, and the law places upon him the duty of possessing, that reasonable degree of learning and skill that is ordinarily possessed by physicians and surgeons in the locality where he practices, and which is ordinarily regarded by those conversant with the employment as necessary to qualify him to engage in the business of practicing medicine and surgery. Upon consenting to treat a patient, it becomes his duty to use reasonable care and diligence in the exercise of his skill and the application of his learning to accomplish the purpose for which he was employed. He is under the further obligation to use his best judgment in exercising his skill and applying his knowledge. The law holds him liable for an injury to his patient resulting from want of the requisite knowledge and skill, or the omission to exercise reasonable care, or the failure to use his best judgment."

Plaintiffs would have us apply the narrow test of treatment by a physician, or examination for the purposes of treatment, in order to find that a case involves medical malpractice instead of simple negligence. We decline to do so. Such an interpretation is too constricting and fails to recognize the realities of the relationship that arise, however briefly, when a physician is in the process of exercising his profession and utilizing the skills which he has been taught in examining, diagnosing, treating or caring for another person.

Here, plaintiff Frank Twitchell went to defendant, albeit at the request of John Hancock Insurance Company, for the purposes of an examination. The plaintiff knew that he was seeing a doctor and must have been aware of the fact that the doctor, after the examination, would express his medical judgment to John Hancock. Defendant was acting as a doctor and in doing so he agreed to perform his common-law

duty to use reasonable care and his best judgment in exercising his skill, and the law implies that he represented his skill to be such as is ordinarily possessed by physicians in the community. Thus, if he carried out his function in a negligent or improper fashion the fact remains that the legal concept for any malfeasance or misfeasance by defendant would quite properly fall under the label of medical malpractice (see *Calhoun v Gale*, 29 AD2d 766). The relief sought by plaintiffs in the disputed causes of action designated by them as simple negligence are recoverable by them, if they can succeed, under their medical malpractice causes of action, for if they establish a right to recover under the theory of medical malpractice they necessarily establish that defendant was negligent.

██ Having concluded that this is a medical malpractice case, CPLR 3017 (subd [c]) must be complied with, so the specific amount of damages contained in the prayer for relief in the second, third and fifth causes of action must be stricken. However, we dismiss these causes of action in their entirety because they do not allege any separate ground for recovery (see *Rainbow v Elia Bldg. Co.*, 49 AD2d 250). The proof to support a verdict under the theory of medical malpractice does not differ from the proof required for recovery under negligence and, since there would be but one recovery for each of the plaintiffs, they are not prejudiced if only the medical malpractice causes of action remain.

█ There remains for our consideration plaintiffs' contention, alleged in the third cause of action, that in examining and manipulating Frank Twitchell's knee defendant did so with the wrongful intention of injuring him and without his consent, thereby committing a battery upon Twitchell. This argument is without merit. While lack of informed consent is a proper element of a medical malpractice cause of action *(Darrah v Kite*, 32 AD2d 208), the failure to obtain such consent should not be used to elevate the cause of action to one for intentional tort. "The doctor in a malpractice case is ordinarily not an actor who intends to inflict an injury on his patient and any legal theory which presumes that intent appears to be based upon an erroneous

supposition. Instead, the doctor is not one who acts antisocially as one who commits assault and battery, but is an actor who in good faith intends to confer a benefit on the patient (McCoid, A Reappraisal of Liability for Unauthorized Medical Treatment, 41 Minn L Rev, 381, 416-424)." *(Dries v Gregor*, 72 AD2d 231, 235.)

Finally, plaintiffs seek punitive damages in the amount of $2,000,000. Such damages may only be assessed when the actions complained of constitute gross negligence or intentional, wanton, reckless and malicious conduct (see *Karlsons v Guerinot*, 57 AD2d 73). It does not appear that plaintiffs submitted any affidavit at Special Term in opposition to defendant's motion to dismiss. While plaintiffs were not required to present evidentiary facts in opposition to the motion under CPLR 3211 (subd [a], par 7), there should be some showing in the complaint or elsewhere to support a claim for punitive damages. An examination of the complaint fails to disclose any allegation upon which such a claim may rest, and having already determined that this is a medical malpractice case and the claim for an intentional tort may not be maintained under the third cause of action, we find that plaintiffs have not met the burden of sustaining any cause of action for punitive damages. Consequently, any intended cause of action for punitive damages which may be contained in the complaint is dismissed.

The order of Special Term should be modified to grant defendant's motion to dismiss the second and fifth causes of action and to delete from plaintiffs' amended complaint any demand for punitive damages made therein, and otherwise the order should be affirmed.

SIMONS, J. P., SCHNEPP, CALLAHAN and WITMER, JJ., concur.

Order unanimously modified, and as modified affirmed, without costs, in accordance with opinion by DOERR, J.