OPINION OF THE COURT
Joseph D. Mintz, J.
Third-party defendant moves to dismiss the third-party complaint for failure to state a cause of action. Defendant/ third-party plaintiff cross-moves for summary judgment against the plaintiff. The facts for purposes of these motions are as follows: On October 30, 1982, plaintiff was injured in an automobile accident which necessitated a disability leave from her employment at Harrison Radiator. Apparently, either by request of the insurance carrier, or by request of Harrison Radiator’s medical director, and pursuant to the collective bargaining agreement in effect between Harrison Radiator and the plaintiff’s union, plaintiff was examined by the defendant. The purpose of the examination was for the defendant, as an "Impartial Medical Opinion Examiner”, to diagnose whether the plaintiff was able to return to work. Defendant was neither engaged by plaintiff, nor retained by Harrison Radiator; rather, his function was to act as an impartial *305 evaluator of plaintiffs claim of disability. Defendant examined plaintiff and reported his findings as required by the program. The defendant’s conclusion was that plaintiff was fit to return to work. As a result of defendant’s report, plaintiff was informed that she was to return to work or lose her benefits. On April 13, 1983, plaintiff returned to work. On May 18, 1983, plaintiff was admitted to Lockport Memorial Hospital for injury to her back.
Plaintiff claims that the subsequent injury to her back was due to her premature return to work, which return to work was required by defendant’s report to her employer that she was no longer disabled. Plaintiff claims that defendant’s report to the employer constituted malpractice in that his report did not give sufficient weight to the results of a myelogram performed on plaintiff on February 17, 1983, which myelogram was submitted to defendant subsequent to the examination, and that defendant did not retract his report upon receipt and review of the myelogram.
Defendant argues that summary judgment should be granted in that (1) defendant owed no physician-patient duty to plaintiff; or (2) that defendant’s acts did not constitute breach of any duty; or (3) that defendant’s role as an impartial medical opinion examiner was akin to that of an arbitrator, and that, consequently, defendant’s acts are immune from liability.
With respect to the existence of a physician-patient relationship under the facts herein, this court is controlled by the decision of the Fourth Department in Twitchell v MacKay (78 AD2d 125 [1980]). In that case, the plaintiff went to defendant for an examination at the request of the disability insurance carrier. During the examination, defendant therein purportedly injured plaintiff. In holding that the claim presented sounded in malpractice and not simple negligence, the court held: "The plaintiff knew that he was seeing a doctor and must have been aware of the fact that the doctor, after the examination, would express his medical judgment to John Hancock. Defendant was acting as a doctor and in doing so he agreed to perform his common-law duty to use reasonable care and his best judgment in exercising his skill, and the law implies that he represented his skill to be such as is ordinarily possessed by physicians in the community. Thus, if he carried out his function in a negligent or improper fashion the fact remains that the legal concept for any malfeasance or misfeasance by defendant would quite properly fall under the label *306 of medical malpractice” (78 AD2d, at pp 128-129). Twitchell conclusively establishes that under the circumstances herein defendant was acting as a physician, and consequently owed plaintiff a duty to exercise due care in his examination, diagnosis and treatment of her, to the extent he was to perform these functions. That defendant was not engaged to treat plaintiff, under Twitchell, does not negate the physician-patient relationship. On the other hand, however, defendant can only be liable for breach of duty with respect to those functions he was required to undertake. That is, plaintiff could not maintain an action against defendant on the basis of any failure to provide her with treatment for her back, since there was no question that defendant was not to treat plaintiff.
The Fourth Department found a duty under the facts of Twitchell (supra) that the defendant doctor properly perform the examination, since that was the function he undertook. In contrast, in this case the plaintiff claims malpractice not in the method of examination but in defendant’s conclusion with respect to disability. On this question, this court is persuaded by the court’s opinion in Davis v Tirrell (110 Misc 2d 889 [Sup Ct, Broome County 1981]) wherein a cause of action against a mental health professional for report of the plaintiff as "emotionally handicapped” to a school board was disallowed. There, the court recognized that beyond a duty not to injure during examination, no physician-patient relationship existed which would give rise to a cause of action for malpractice based on the report of the physician’s findings. Defendant certainly owed plaintiff a duty to conduct the examination properly, but owed no duty as a physician beyond that. (Hale v State of New York, 53 AD2d 1025 [4th Dept 1976].)
Even if defendant’s conclusion were erroneous, to hold that the report of that conclusion to plaintiff’s employer, as required under the program, would constitute breach of a physician-patient duty could have staggering implications. If plaintiff could maintain an action herein, malpractice actions would lie whenever a physician, or other professional subject to malpractice claims, is engaged for expert opinion in any adversary situation, including workers’ compensation claims, disability claims, personal injury actions, and medical malpractice actions. If a physician could be held liable for his report on a claimant in any of these actions, few physicians would ever be willing to render such opinions for fear of malpractice claims. An extension of Twitchell (supra) to recognize a physician-patient duty beyond the conduct of the exami *307 nation is improper under these circumstances. Therefore, defendant’s motion for summary judgment is granted.
Based on this court’s decision with respect to defendant’s summary judgment motion, third-party defendant’s motion to dismiss need not be addressed.