OPINION OF THE COURT
Henry G. Gossel, J.
This is a motion made by one of the defendants in a medical *867 malpractice action seeking a dismissal of the complaint on the grounds that the complaint fails to state a cause of action as there was no physician-patient relationship between the plaintiff and the movant at the time of the alleged malpractice.
The moving defendant’s alleged negligence is claimed to have occurred between September 9, 1983, the date the plaintiff, Ronald Lodico, was examined by the moving defendant, Robert A. Caputi, M.D., and September 14, 1983, the date on which said defendant sent a report of the medical examination to the State Insurance Fund. The examination by the doctor was requested by the State Insurance Fund in conjunction with the proceeding of a workers’ compensation claim, filed by the plaintiff with his employer, the Dunkirk and Fredonia Telephone Company, whose compensation insurance carrier is the State Insurance Fund.
The directions to the movant from the insurance company, as indicated on a postscript communication, are:
"P.S. Please examine the above captioned claimant and obtain a complete accident and medical history.
"Please render your opinion regarding causally related disability, if any, and degree of same. Also, please comment on necessity for further continued treatment.”
The report of September 14, 1983 is a four-page detailed report which states, in substance, that the plaintiff could return to work.
In its communication with the plaintiff, the insurance carrier, in addition to advising the plaintiff of the administrative details of the appointment for examination, specifically stated "Your attending physician may be present at this time if you so desire. He will be paid a fee for a regular office visit if he is present at this time.”
The negligence alleged by the plaintiffs is that Ronald Lodico suffered from an undiagnosed brain stem tumor which the movant should have diagnosed in his examination.
The movant argues that the requisite patient-physician relationship did not exist between the plaintiff and the defendant and therefore the action must be dismissed, citing Mrachek v Sunshine Biscuit (308 NY 116) and Chiasera v Employers Mut. Liab. Ins. Co. (101 Misc 2d 877). In the Mrachek case (supra), the action was not a medical malpractice action but rather was in ordinary negligence against the common employer of both the plaintiff and a physician who while conducting a preemployment physical, injured the plaintiff when a *868 blood sample was negligently drawn by the physician. The finding that the extracting of the blood sample by the physician was not "treatment” was found not in the context of an action against the physician, which was previously discontinued by consent, but in the situation wherein the employer claimed immunity from the acts of its agent based on its assertation that the physician was not its servant but rather was an independent contractor. The court found otherwise, making the employer responsible for the physician’s acts.
In the Chiasera case (supra) during a workers’ compensation examination the plaintiff claimed the physician injured him. Again the court, predating the findings of the Fourth Department in Twitchell v MacKay (78 AD2d 125), found a limited form of physician-patient relationship wherein the physician owed a duty of ordinary care not to injure in the course of the examination; giving rise to an action in ordinary negligence, subject to a three-year Statute of Limitations rather than the two and one-half year medical malpractice limitation. The court referred to the dearth of appellate decisions relating thereto.
The defendant further submits Ferguson v Wolkin (131 Misc 2d 304) wherein the court found that the examining physician, an "Impartial Medical Opinion Examiner” under a collective bargaining agreement in effect between the plaintiff’s employer and his union, had a duty to properly perform the physical examination, which duty did not extend to said expert’s conclusion with respect to the disability of the plaintiffs, the complaint of the action alleging that her subsequent injury to her back was due to her premature return to work, which return was required by the physician’s report to her employer that she was no longer disabled.
The court therefore did not extend the physician-patient relationship beyond the examination itself and specifically excludes from the physician’s responsibility to the plaintiff any expression of his expert opinion, whether the conclusions and findings are correct or incorrect. The exam being one thing, the report based thereon being another.
In the case before this court, the physician was requested to render his opinion regarding causally related disability, if any, and the degree of same, as well as comment on the necessity for further continued treatment, based on his examination and the complete accident and medical history obtained from the plaintiff.
*869 The plaintiffs’ action does not address the accuracy of the defendant’s expert opinion based on a properly conducted examination, but rather alleges a deviation from his duty, acting as a doctor, to perform his common-law duty to use reasonable care and his best judgment in exercising his skill, presuming that he represented his skill to be such as is ordinarily possessed by physicians in the community. The plaintiff alleges a deviation based on the failure to diagnose of the defendant, not relating to an expert medical conclusion, but relating to the examination itself.
Under the holding of the Twitchell case (supra) the examining physician had a duty to properly perform the examination, whether the professional relationship is brief or not, and, in the event he is negligent therein, as is alleged by the plaintiffs, he is liable provided the burden of proof is sustained by the plaintiffs.
The court agrees with the plaintiffs that the Twitchell holding (supra) is controlling and that the facts, as agreed upon, establish a physician-patient relationship, although limited in time, based on which the allegations of the plaintiffs are sufficient to state a cause of action and the motion under CPLR 3211 (a) (7) must be denied.
The court does not agree with a distinction as submitted by the movant that under the Twitchell holding (supra) the examining physician’s duty was to conduct the examination without inflicting injury on the examinee, but none otherwise. Any restriction of that nature is more properly made by the appellate court inasmuch as it did not so limit its original holding.
The court does not address the merits or truthfulness of the allegations of either party, but addresses the motion as a matter of law under the agreed facts as submitted.