■ DONALD MURPHY et al., Appellants, v RICHARD BLUM, Defendant and Third-Party Plaintiff-Respondent. NATIONAL BASKETBALL ASSOCIATION, Third-Party Defendant-Respondent. —In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered February 1, 1989, as dismissed the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Donald Murphy, while employed as a referee for the third-party defendant, the National Basketball Association (hereinafter the NBA), was required by the NBA to undergo a yearly physical examination to ensure that he would be able to withstand the rigors of his job. The 1978 examination was performed by the defendant, Dr. Richard Blum. Dr. Blum also analyzed the results of an exercise stress test performed upon the plaintiff by Dr. Kenneth Rubin. Dr. Rubin advised Dr. Blum that Murphy's test was "abnormal with respect to ST segment changes". Dr. Blum orally ap-

prised the supervisor of NBA officials, Norm Drucker, of his findings. He also sent the NBA a letter stating his findings. Drucker advised Murphy that "[i]t was not what they would call a good stress test for you from your standpoint". Drucker thereafter forwarded the results of the examinations to Murphy's personal physician. During the ensuing season, Murphy suffered cardiac arrest and could no longer maintain his position as an NBA referee.

A doctor engaged only for the purpose of examining a person for workers' compensation or similar purposes is under a common-law duty to use reasonable care and his best judgment when conducting the examination (see, Twitchell v MacKay, 78 AD2d 125). Such a doctor, however, only assumes the duties associated with the functions undertaken (see, Ferguson v Wolkin, 131 Misc 2d 304). No duty exists concerning treatment or the giving of expert opinions if the doctor was retained solely to examine the plaintiff (Ferguson v Wolkin, supra, at 306). Since Dr. Blum was retained by the NBA solely for the purpose of advising it whether Murphy would be physically capable of performing his duties as a referee and not to treat or advise the plaintiff, no physician-patient relationship existed in this case (see, Mrachek v Sunshine Biscuit, 308 NY 116). Therefore, the court correctly dismissed the plaintiffs' action for failure to state a cause of action (see, CPLR 3211 [a] [7]). Mangano, P. J., Thompson, Bracken and Eiber, JJ., concur.