■ JEANNETTE S. ROTH, Appellant, v ALAN J. TUCKMAN, Respondent.—Harvey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Kelly, J.), entered December 30, 1988 in Rockland County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff sustained physical injuries as a result of an automobile accident which occurred on November 28, 1986. Apparently depressed as a result, plaintiff thereafter sought psychiatric treatment and stopped working for three months. She filed a claim with her insurance carrier, CNA, for lost earnings. As part of its investigation of the claim, CNA required plaintiff to visit defendant, a psychiatrist that it had chosen through the intercession of Intracorp, a disability management company, for an "independent medical examination". The purpose of this examination was basically to determine plaintiff's psychiatric status and any possible causal relationship between that status and the accident. Defendant subsequently interviewed plaintiff and her psychiatrist, reviewed the results of a psychological test completed by plaintiff and issued a report to CNA. In this report, defendant stated that "the testing confirms the clinical assessment of an individual with a long-standing personality disorder".

This report allegedly resulted in the denial of approximately $36,000 in insurance benefits from CNA to plaintiff. Consequently, plaintiff commenced this action alleging that defendant's report was maliciously prepared, false and defamatory, and constituted libel per se. Further, she alleged that, by its publication, defendant committed malpractice or was negligent by failing to adhere to his profession's standards and practices. She claims his actions caused her to be denied insurance benefits, injured her reputation and business, and caused "severe pain and mental anguish". Following service of plaintiff's bill of particulars (wherein she failed to state in what manner the statement was false), defendant successfully

moved for summary judgment and Supreme Court dismissed the complaint in its entirety. Plaintiff now appeals and we affirm.

Defendant advances several persuasive reasons for this court to affirm Supreme Court's judgment. Without going into exhaustive detail, it suffices to say that we have reviewed the instant record and find that Supreme Court correctly ruled that defendant's statement in the report was a constitutionally protected nonactionable expression of pure opinion (see, Steinhilber v Alphonse, 68 NY2d 283, 290-292). An examination of the full context of the report in which the communication appears reveals that it was a recitation of defendant's interviews with plaintiff and her psychiatrist and cited verbatim statements that they made and which they do not deny. The paragraph in which the statement appeared concerned the results of the psychological test performed upon plaintiff and defendant's "assessment" that the test results confirmed his diagnosis. Defendant's use of the term "assessment" indicated that it was his personal opinion that was being rendered. Defendant's report appropriately set forth the facts upon which he based his opinion. Plaintiff's conclusory attack on the truth of the facts utilized by defendant do not bear up under close scrutiny. Her attack on the validity of the conclusions drawn from these facts is basically irrelevant to the instant inquiry (see, Silsdorf v Levine, 59 NY2d 8, 14, cert denied 464 US 831). In any event, plaintiff undermines her entire argument by stating that defendant's statement was false merely because it was controverted by another "expert psychiatric opinion" (emphasis supplied). Since we find no error in Supreme Court's threshold determination that the statement was an unmixed opinion (see, Steinhilber v Alphonse, supra, at 290), we do not address defendant's argument that a qualified privilege attached to the report.

Finally, plaintiff contends that Supreme Court erred in dismissing her cause of action sounding in negligence or malpractice on the basis of the court's finding that defendant owed no duty to plaintiff. On this point, plaintiff has a meritorious argument to some extent. Although defendant was not paid a fee by plaintiff, was not in privity with her and did not examine her during the course of treatment or with the intention of future treatment, a doctor does owe a duty of reasonable care to a patient, regardless of who pays him (see, DuBois v Decker, 130 NY 325, 332; see also, Twitchell v MacKay, 78 AD2d 125, 128-129; Ferguson v Wolkin, 131 Misc 2d 304, 305-306). However, while defendant may have owed

some duty to plaintiff, she fails to adequately allege any breach of that duty. Plaintiff does not allege that she was injured during the course of the examination *(see, Davis v Tirrell,* 110 Misc 2d 889), that any tests were improperly administered *(see, Sitomer v Half Hollow Hills Cent. School Dist.,* 133 AD2d 748, 750) or that any oral representations were made with regard to the medical findings *(see, LoDico v Caputi,* 129 AD2d 361, 363-364, *lv denied* 71 NY2d 804). Instead, she makes the bald assertion that she was injured emotionally in her profession by defendant's conclusions without offering any support for her claim. She claimed that defendant departed from standard practice but does not say how. Plaintiff was provided with ample opportunity to support her claim with facts and she failed to do so. Clearly, the proof offered by plaintiff is insufficient to sustain a cause of action for either negligence or medical malpractice *(see, Sitomer v Half Hollow Hills Cent. School Dist., supra,* at 750) and, therefore, this claim was also properly dismissed.

Judgment affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Levine and Harvey, JJ., concur.