**Carolyn L. PERKINS, f/k/a Carolyn L. Hudson, Plaintiff–Appellant,**

**v.**

**David C. GREENBERG, Defendant–Appellee.**

**No. 90CA1765.**

Colorado Court of Appeals, Div. II.

Sept. 26, 1991.

Rehearing Denied Nov. 21, 1991.

Certiorari Granted April 20, 1992.

Ozer & Trueax, P.C., Anthony L. Soko-low, Howard M. Mullen and Robert P. Bor-quez, Denver, for plaintiff-appellant.

Cooper & Kelley, P.C., Mark A. Fogg and Larry S. McClung, Denver, for defen-dant-appellee.

Opinion by Judge CRISWELL.

Plaintiff, Carolyn L. Perkins, appeals the summary judgment dismissing her person-al injury claim against defendant, David C. Greenberg, a physician. Such judgment was entered because the trial court con-cluded that defendant owed to plaintiff no duty of due care with reference to those acts that allegedly caused injury to plain-tiff. We reverse.

In 1985, plaintiff was a passenger in a shuttle bus at Stapleton International Air-port when the bus struck a stop sign. She alleged that, as a result of this collision, she suffered injuries to her neck and shoul-der, and she brought suit against the own-er and operator of the shuttle bus to recov-er for those injuries.

In that action, the defendants there re-quested, pursuant to C.R.C.P. 35, that plaintiff undergo a medical examination by a physician of their choice. Accordingly, she was referred to defendant to perform that examination. It is undisputed that defendant was not retained to provide any medical care or treatment to plaintiff, and plaintiff did not pay defendant for any ser-vices that he rendered.

During plaintiff's examination, she gave a case history to defendant and advised him that she had undergone spinal surger-ies on three separate occasions in the past. She informed him that she was then under-going rehabilitative therapy for her back condition.

Following his personal examination of plaintiff, defendant concluded that, in order to allow him thoroughly to evaluate her physical condition, plaintiff should undergo an additional "functional capacity examina-tion" at another facility. This examination, which was administered by personnel from that other facility, involved testing plain-tiff's strength and range of motion through a series of lifting exercises.

Plaintiff performed the tests as required. However, she claims that, as a result of the lifting exercises involved in these tests, she suffered a serious and debilitating injury to her lower back.

In this action, she asserts that defendant, knowing of the weakened condition of her back and of the nature of the "functional capacity examination" that he directed her to perform, was negligent in directing that she undergo such an examination. Hence, she seeks to recover for the personal inju-ries allegedly occurring as a result of her performance of this examination.

The trial court concluded that, because there existed no physician-patient relation-ship between defendant and plaintiff, de-fendant owed plaintiff no duty of due care with reference to the test administered. As a result, it ruled that defendant could not be liable for any injuries suffered by plaintiff as a result of that examination.

Plaintiff argues that the trial court erred in determining that defendant owed her no duty of due care in these circumstances. We agree.

 To establish a prima facie claim for negligence, a plaintiff must show the existence of a legal duty on the part of the defendant, a breach of that duty, and inju-ry to plaintiff as a result of that breach. *Perreira v. State,* 768 P.2d 1198 (Colo.

1989). A negligence claim, therefore, cannot be asserted unless it can be demonstrated that the defendant owed a duty of due care to plaintiff under the circumstances from which plaintiff's injury occurred. *University of Denver v. Whitlock*, 744 P.2d 54 (Colo.1987); *Shaw v. General Motors Corp.*, 727 P.2d 387 (Colo.App. 1986).

■ Here, the trial court concluded that, absent the existence of a physician-patient relationship, a physician owes no such duty to a person whom the physician has been engaged only to examine. While we agree that the *nature* of the duty owed depends upon the nature of the professional *responsibility* assumed, we conclude that, under the undisputed facts here, the defendant owed to plaintiff the duty not to require her to engage in physical tests, whether administered by him or by some third party, which a reasonably careful physician, under the same or similar circumstances, would not have required her to perform. *See COLJI–Civ.3d* § 15:2 (1989).

■ If a physician has not undertaken any medical responsibility with respect to an examinee, except the responsibility to evaluate and to report his opinion upon that person's physical condition to another party, there has been created no physician-patient relationship between the two. In such circumstances, therefore, the physician does not owe to the examinee the same duty that the physician would owe to one for whom he has assumed the responsibility of diagnosis or treatment. *See generally* Annotation, *Physician's Duties and Liabilities to Person Examined Pursuant to Physician's Contract with such Person's Prospective or Actual Employer or Insurer*, 10 A.L.R.3d 1071 (1966).

■ Thus, such an examining physician owes no duty to the examinee properly to diagnose or to treat the examinee or to render a medically accurate opinion concerning the examinee's condition. *Ryans v. Lowell*, 197 N.J.Super. 266, 484 A.2d 1253 (1984); *Lotspeich v. Chance Vought Aircraft*, 369 S.W.2d 705 (Tex.Civ.App. 1963); *Anderson v. Glismann*, 577 F.Supp. 1506 (D.Colo.1984). If the physician has

not assumed the responsibility for treating the examinee, it is not reasonably foreseeable that the examinee will rely upon any opinion expressed by him. *See Lo Dico v. Caputi*, 129 A.D.2d 361, 517 N.Y.S.2d 640 (1987); *Keene v. Wiggins*, 69 Cal.App.3d 308, 138 Cal.Rptr. 3 (1977). *But see Montoya v. Bebensee*, 761 P.2d 285 (Colo.App. 1988)

■ However, to the extent that the physician has assumed the responsibility of examining the examinee and subjecting the examinee to physical or other tests, the physician is acting in his capacity as a doctor. Thus, in assuming this examining responsibility, the physician has, necessarily, "agreed to perform his common-law duty to use reasonable care and his best judgment in exercising his skill," so as not to cause harm to the examinee. *Twitchell v. MacKay*, 78 A.D.2d 125, 434 N.Y.S.2d 516 (1980).

■ We conclude, therefore, that an examining physician owes a duty to the person examined to use the care and skill during the course of that examination that a reasonable physician in the same or similar circumstances would use. And, if the physician violates this duty with resulting harm to the examinee, an action will lie against him, based upon his want of professional due care.

Defendant concedes that some duty of due care was owed by him to plaintiff. He asserts, however, that, once he completed his personal physical examination of her within his office, this duty was fulfilled and that he is not liable for any injury suffered by her at the hands of non-employee third parties at the other facility. We disagree.

■ We do agree that, to the extent that plaintiff may claim that the personnel at the other facility were negligent in administering the test to her, defendant would be liable for such negligence only if he had the right to control those third parties. *See Bauer v. Southwest Denver Mental Health Center, Inc.*, 701 P.2d 114 (Colo. App.1985). But, because the trial court did not address the question as to the extent, if

any, that defendant exercised control over the personnel at the other facility, we, likewise, do not decide that issue.

Further, we do not understand that plaintiff's assertion of liability against defendant is based upon any claim that the functional capacity examination was negligently *administered* at the other facility. Rather, it is her claim that, because of the nature of the physical movements required by this examination, it was reasonably foreseeable that that examination could cause her further injury, even if it were administered with the highest degree of care. Her stated claim, therefore, is based upon defendant's active negligence in directing plaintiff to undergo such an examination. And, if it was the nature of the examination itself, and not its negligent administration, that led to her injuries, the identity of the person actually administering this test and that person's relationship to defendant are irrelevant.

We conclude, therefore, that plaintiff owed to defendant a duty to exercise due care, both in examining her personally and in directing that she undergo further testing as a part of defendant's examination regimen. We also conclude that the present record would not support the conclusion, as a matter of law, that defendant did not violate this duty. Hence, this latter issue must be presented to a jury for resolution, and the trial court erred in entering summary judgment for defendant.

The judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views expressed herein.

SMITH and REED, JJ., concur.