**Charles J. KOLTZ, Jr., Plaintiff,**

v.

**Carole BEZMEN, Patricia Nilson, The County of Suffolk and the Suffolk County Department of Social Services, Defendant.**

No. CV 92–2954.

United States District Court,
E.D. New York.

June 1, 1993.

---

The Durst Law Firm by John E. Durst, Jr., New York City, for plaintiff.

Jacobowitz, Spessard, Garfinkel & Lesman, New York City, for defendant Bezmen.

D'Amato & Lynch by Bill V. Kakoullis, New York City, for defendant Nilson.

Robert J. Cimino, Suffolk County Atty. by W. Scott Schneider, Hauppauge, NY, for defendants County of Suffolk and the Suffolk County Dept. of Social Services.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Charles Koltz, Jr. ("Koltz" or "plaintiff"), brought suit against Dr. Patricia Nilson ("Nilson" or "defendant") and others, alleging that Nilson and the others violated his due process rights by maliciously reporting that he sexually abused his daughters. Plaintiff alleges that Nilson's motive for making this report was to help Barbara Koltz, plaintiff's ex-wife, in the couple's divorce and child custody proceedings. Plaintiff also alleges causes of actions against Nilson sounding in medical malpractice and negligence.

Nilson moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Court contacted the parties and advised them that it was considering converting the motion to dismiss to one for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure[1]. For the reasons stated below, defendant's motion to dismiss the civil rights action and the negligence action is granted without prejudice. The medical malpractice

action is dismissed with prejudice. Summary judgment is denied with respect to all causes of actions.

## I. BACKGROUND

In 1988, plaintiff and his then wife, Barbara Koltz, were in the midst of divorce proceedings. In November 1988, Barbara Koltz brought the couple's two children, Barbara Ann and Bonnie Marie, to the Suffolk County Department of Social Services claiming that she suspected that the girls had been sexually abused. Carol Bezmen, a social worker employed by Social Services, referred Barbara Koltz to Nilson, a licensed clinical psychologist. Bezmen requested that Nilson conduct tests to determine whether the children had been sexually abused. Nilson met with Barbara Ann five times, while Bonnie Marie was never evaluated because of her young age.

Nilson administered a battery of psychological tests to Barbara Ann. In her report, Nilson concluded that there was reason to suspect that the child had been sexually abused. Nilson reported her findings both to Social Services[2] and to plaintiff's ex-wife. Furthermore, on March 2, 1990, Nilson was deposed in connection with a child custody hearing. At her deposition, Nilson testified that based upon her tests there was reason to believe that Barbara Ann was sexually abused by her father. Subsequently, plaintiff was denied unsupervised visitation with his children. In November 1990, Child Protective Services determined that the sexual abuse charges against plaintiff were unfounded.

Plaintiff's complaint against Nilson hinges on his allegation that she maliciously reported the sexual abuse in order to aid Barbara

---

1. When the Court advised the parties that it was considering converting the motion, the parties were given time to file supplemental papers. Plaintiff, however, did not file his papers in the allotted time. This Court contacted plaintiff's attorney by telephone, to determine whether he intended to file the additional papers. Plaintiff's counsel stated that he had already mailed the papers. The Court, however, did not receive plaintiff's papers until more than one week after that telephone conversation. Subsequently, Nilson requested that plaintiff's papers not be con-

sidered because of their lateness. Although this Court does not condone the dilatory practices of plaintiff's counsel, in the interests of justice, the Court has accepted and considered plaintiff's papers.

2. Under sections 413 and 420 of the N.Y.Soc. Serv.Law (McKinney 1992), Nilson, as a psychologist, had an obligation to report any suspected abuse. Failure to make such a report is a Class A misdemeanor.

Koltz in the divorce proceeding and custody hearing. Plaintiff's complaint, however, is barren of any facts to support the allegations of bad faith and conspiracy. Rather, plaintiff argues that "[t]here are inferences that lead one to believe that such evidence may be discoverable." Plaintiff's Supp.Aff. in Opp. at 3. Plaintiff suggests that he be allowed to continue with discovery in an attempt to produce evidence tending to show that Nilson reached her conclusion regarding his alleged sexual abuse of Barbara Ann without any substantiating evidence. He argues that once he can show that Nilson's report had no valid underpinnings, an inference will be raised that Nilson had some other motive for the report.

## II. DISCUSSION

### A. *Civil Rights Claim*

Plaintiff's first cause of action against defendant is brought under 42 U.S.C. § 1983. Plaintiff alleges that Nilson and co-defendants deprived him of due process when they maliciously reported the sexual abuse. In order to state a claim under § 1983, plaintiff must allege that a defendant, acting under the color of state law, deprived him of a right secured by the Constitution or laws of the United States. Defendant argues that the § 1983 claim against her should be dismissed because she is a private citizen and not a state actor. Furthermore, defendant argues that the complaint alleges the constitutional violation in such a conclusory fashion, without any substantiating facts, that the claim must be dismissed on this ground as well.

It is well settled that private parties are subject to liability under § 1983 if they conspire with or willfully engage in joint activity with the state or its agents. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970). Thus, Nilson may be sued under § 1983, despite the fact that she is not a government actor, if plaintiff can show that she acted in concert with state actors. Although Nilson's co-defendants are state actors, the complaint does not contain any allegation that Nilson conspired with them in order to deprive plaintiff of his constitutional rights. More-

over, even were this Court to construe the complaint as alleging a conspiracy between Nilson and her co-defendants, the complaint is absolutely devoid of any facts supporting such a theory. Indeed, the complaint utterly fails to offer any factual support for the allegation that Nilson made her report in bad faith.

In order to survive a motion to dismiss, a civil rights complaint must contain "more than naked improbable unsubstantiated assertions without any specifics." *Neustein v. Orbach*, 732 F.Supp. 333, 346 (E.D.N.Y.1990); *see also Leon v. Murphy*, 988 F.2d 303, 310 (2d Cir.1993) (quoting *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir.1983) (" 'A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot survive a motion to dismiss' ")). Although Nilson is the only moving party, because the complaint contains no facts supporting a civil rights claim against any defendant, this Court on its own motion dismisses the § 1983 claim against all defendants. Accordingly, this claim is dismissed without prejudice.

### B. *Common Law Negligence Claim*

Koltz seeks recovery from Nilson under the theory that she either maliciously, negligently or recklessly reported that he sexually assaulted his daughter and that as a result of this bad faith report, he suffered extreme emotional distress. Individuals who report child abuse are entitled to immunity from liability so long as the report is not the product of "willfull misconduct or gross negligence...." N.Y.Soc.Serv.Law § 419 (McKinney 1992). Here, plaintiff alleges both willfull misconduct and recklessness. Plaintiff does not, however, allege any facts whatsoever to support his claim. As in the civil rights context, mere naked allegations are too conclusory to survive a motion to dismiss. *Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir.1988); *Miller v. Beck*, 440 N.Y.S.2d 691, 692 (2d Dep't 1981) (to create an actionable claim in malice, plaintiff must submit evidentiary facts, not conclusory allegations that defendant was motivated by malice—"suspicion, surmise or accusations

will not suffice."). Consequently, the negligence claim is dismissed without prejudice.

## C. *Summary Judgment and the Civil Rights and Negligence Claims*

■■ Although this Court informed the parties that it was considering converting defendant's motion to dismiss to one for summary judgment, and gave both parties time to submit papers relevant to a summary judgment motion, defendant failed to provide this Court with any affidavit or other proof sufficient to meet her initial burden of showing that there is no genuine issue of material fact[3]. As a result, despite the fact that plaintiff admits that he does not presently possess sufficient information to support his claims,[4] this Court believes that it would be inappropriate to grant summary judgement in favor of defendant at this time.

## D. *Medical Malpractice Claim*

■ Finally, plaintiff seeks to recover damages from defendant under a medical malpractice theory. It is plaintiff's position that Nilson failed to exercise due care when she examined Barbara Ann and as a result of this failure, plaintiff suffered emotional distress. Under New York law, a physician-patient relationship is a prerequisite for a medical malpractice action. *Lee v. City of New York,* 162 A.D.2d 34, 560 N.Y.S.2d 700, 701 (2d Dep't 1990), *appeal denied,* 78 N.Y.2d 863, 578 N.Y.S.2d 878, 586 N.E.2d 61 (Ct. App.1991); *LoDico v. Caputi,* 129 A.D.2d 361, 517 N.Y.S.2d 640, 641 (4th Dep't 1987). *appeal denied,* 71 N.Y.2d 804, 528 N.Y.S.2d 829, 524 N.E.2d 149 (Ct.App.1988); *Chiasera v. Employers Mut. Liab. Ins. Co. of Wis.,* 101 Misc.2d 877, 422 N.Y.S.2d 341, 342 (Sup.Ct. 1979). It is clear from the instant complaint that plaintiff and defendant never entered

into a physician-patient relationship. Accordingly, the medical malpractice claim must be dismissed with prejudice for failing to state a cause of action upon which relief can be granted.[5]

## III. CONCLUSION

For the above-stated reasons, the civil rights and negligence claims are dismissed without prejudice. The medical malpractice claim is dismissed with prejudice. Moreover, summary judgment is denied with respect to all the causes of action.

SO ORDERED.

---

3. Defendant did include, as exhibit C to her Notice of Motion to Dismiss, a copy of a letter from the American Psychological Association's Office of Ethics, informing Nilson that the Ethics Committee unanimously found that she had not violated the *Ethical Principals of Psychologists.* This letter, standing alone, is insufficient to show the absence of a genuine issue of material fact with respect to the civil rights and negligence claims.

4. Plaintiff undoubtedly had the opportunity to depose Nilson and present expert testimony with

respect to her testing procedures and conclusions in connection with the earlier child custody hearing. Thus, plaintiff's argument that this Court not dismiss the claim or grant summary judgment in favor of defendant until he has had the opportunity to conduct discovery is suspect.

5. Plaintiff's counsel seems to concede that the medical malpractice claim should not survive, stating that "[i]t may well be that the cause of action for medical malpractice does not lie for the conclusion reached." Plaintiff's Supp.Aff. in Opp. at 3.