OPINION OF THE COURT
Stanley L. Sklar, J.
Must a plaintiff who is injured by the patient of a physician, *904 because of the claimed medical malpractice of the physician, institute an action for those injuries within 2V% years of the injury, as required by the medical malpractice Statute of Limitations, or may the action be commenced within three years as permitted by the negligence Statute of Limitations? This court holds that the action must be commenced within 2 Vi years.
Wilson Ruiz went to the St. Luke’s-Roosevelt Hospital on several occasions. He allegedly presented with severe psychotic symptoms. However, the emergency room staff examined him and declined to treat him. On April 30, 1988, shortly after being "declined treatment,” he assaulted Yolanda Georges at a location far from the hospital and caused her death.
An earlier action was commenced on April 8, 1991. That action was dismissed because an estate representative had not been appointed. This action was commenced within the six months’ time limit permitted by CPLR 205 (a).
The hospital’s answer asserts the Statute of Limitations as an affirmative defense. The hospital moves to dismiss, urging that the first action (and consequently this action) was barred by CPLR 214-a, the two-year-and-six-month medical malpractice Statute of Limitations. Plaintiff opposed the motion and cross-moved to dismiss the affirmative defense, claiming that the first action is governed by CPLR 214, the three-year negligence statute.
Plaintiff correctly argues that the mere fact that a hospital has allegedly caused injury does not automatically mean that the injury was caused by medical malpractice. An injury could be caused by common-law negligence. (See, e.g., White v Sheehan Mem. Hosp., 119 AD2d 989.) Plaintiff also urges that since Ms. Georges did not stand in a patient-physician relationship with the hospital, there can be no claim for medical malpractice. (Chiasera v Employers Mut. Liab. Ins. Co., 101 Misc 2d 877.)
Plaintiff conceded at oral argument that the act of negligence claimed was not, for example, a refusal to treat Ruiz because of a factor like indigency but, rather, the incorrect medical determination that he did not require treatment. In Scott v Uljanov (74 NY2d 673, 674-675), the Court of Appeals held that "[cjonduct may be deemed malpractice, rather than negligence, when it 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician’ ”. In Scott the plaintiff’s claim, like *905 the plaintiffs claim here, challenged "the hospital’s assessment of the * * * treatment needs of its * * * patient during his initial emergency room care” (supra, at 675).
"The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of the facts.” (Miller v Albany Med. Ctr. Hosp., 95 AD2d 977, 978.) The challenged assessment of Mr. Ruiz’s problems requires medical testimony.
The unique factor that the person injured is not the patient is not a reason in logic or policy justifying departure from the policy determination embodied in CPLR 214-a that the Statute of Limitations for a medical malpractice action is two years and six months. Accordingly, the motion to dismiss the action as barred by the Statute of Limitations is granted and the cross motion is denied.