■ KAREN L. SMITH, Respondent, v EDWARD J. PASQUAR-ELLA, Appellant. [607 NYS2d 489] —Casey, J. Appeal from an order of the Supreme Court (Lynch, J.), entered May 12, 1993 in Schenectady County, which, *inter alia,* denied defendant's cross motion to dismiss the complaint.

At issue on this appeal is whether the first cause of action in plaintiff's complaint is based upon medical malpractice or negligence. Defendant contends that the cause of action sounds in medical malpractice and, therefore, plaintiff was required to comply with the pleading requirements for medical malpractice actions *(see,* CPLR 3012-a, 3017 [c]; 3406 [a]). Supreme Court held that plaintiff had pleaded a negligence cause of action. We agree that some of defendant's conduct alleged by plaintiff constitutes negligence.

The gist of plaintiff's first cause of action is that defendant, a physician, injured plaintiff, both physically and emotionally, and aggravated an existing injury during the course of a physical examination conducted by defendant. Plaintiff neither requested the examination nor sought any diagnosis and treatment from defendant. Plaintiff submitted to the examination pursuant to the demand of her no-fault insurance carrier and defendant was retained by the insurance carrier. Defendant neither offered nor intended to treat, care for or otherwise benefit plaintiff.

Although defendant's examination was not paid for by plaintiff and was not conducted during the course of treatment or with the intention of future treatment, defendant nevertheless owed a duty of reasonable care to plaintiff *(see, Roth v Tuckman,* 162 AD2d 941, 942, *lv denied* 76 NY2d 712), although the scope of that duty is limited *(see, Murphy v Blum,* 160 AD2d 914, 915; *LoDico v Caputi,* 129 AD2d 361, 364, *lv denied* 71 NY2d 804). Plaintiff alleges that defendant breached the duty of reasonable care during the examination, resulting in physical and emotional injuries to plaintiff. Medical malpractice being merely a form of negligence, the Court of Appeals has held that "[c]onduct may be deemed malpractice, rather than negligence, when it 'constitutes medical

treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician' " *(Scott v Uljanov,* 74 NY2d 673, 674-675, quoting *Bleiler v Bodnar,* 65 NY2d 65, 72). Literal application of this principle would lead to the conclusion that defendant cannot be guilty of malpractice because defendant neither treated nor intended to treat plaintiff. We conclude, however, that because defendant utilized the same professional skills in examining plaintiff at the insurance carrier's request as he would have in examining plaintiff for treatment purposes, there is a sufficient nexus to medical treatment to require a further inquiry to determine whether plaintiff's cause of action sounds in malpractice or negligence *(see, Twitchell v MacKay,* 78 AD2d 125). As we said in *Miller v Albany Med. Ctr. Hosp.* (95 AD2d 977, 978): "The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of the facts".

Based on our review of plaintiff's bill of particulars, we conclude that some of defendant's alleged conduct constitutes malpractice, while other conduct constitutes negligence. For example, the allegations that defendant breached the required duty of care by forcing plaintiff's injured leg into a position that caused undue and excessive pain and that he moved plaintiff's foot in a manner that was likely to aggravate her injury during the course of the examination sound in malpractice because they involve matters of science or art requiring special skill or knowledge not ordinarily possessed by the average person *(see, Twitchell v MacKay, supra).* On the other hand, the claim that defendant removed plaintiff's crutches from her reach, so that plaintiff had to hop across the floor to retrieve them, can be assessed on the basis of the common everyday experience of the trier of fact *(see, Halas v Parkway Hosp.,* 158 AD2d 516; *McCormack v Mount Sinai Hosp.,* 85 AD2d 596).

The problems created by plaintiff's attempt to recover damages in a single cause of action for alleged wrongful conduct, some of which sounds in malpractice and some of which sounds in negligence, can easily be resolved, for plaintiff expressly alleges in her bill of particulars that she seeks to assert only a negligence claim and not a malpractice claim. In establishing her entitlement to recover under the first cause of action, therefore, plaintiff will be limited to evidence of defen-

dant's conduct that constitutes negligence. Evidence of defendant's conduct that would constitute malpractice will be precluded by plaintiff's self-imposed limitation. Accordingly, the first cause of action, as limited by plaintiff, is not subject to the pleading requirements for malpractice claims, and the order denying defendant's cross motion should be affirmed. Finally, in view of plaintiff's attorneys' failure to file a timely respondent's brief on this appeal, costs will be awarded against counsel in accordance with section 800.9 (d) of this Court's rules (22 NYCRR 800.9 [d]).

Cardona, P. J., Mercure, White and Weiss, JJ., concur. Ordered that the order is affirmed, with costs to defendant against plaintiff's counsel.