■ THOMAS EVANGELISTA et al., Appellants, v STEPHEN G. ZOLAN, Respondent, et al., Defendants. [669 NYS2d 325] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Gerard, J.), entered January 31, 1997, which granted the motion of the defendant Stephen G. Zolan to dismiss the complaint insofar as asserted against him as barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

On January 12, 1994, the injured plaintiff, Thomas Evangelista, was examined by the defendant Dr. Stephen G. Zolan on

behalf of his workers' compensation insurance carrier. The plaintiffs allege that during the examination Dr. Zolan so wrenched and twisted Evangelista's injured shoulder that he was caused further damage, necessitating additional surgery. The plaintiffs commenced this lawsuit on September 6, 1996. The court granted Dr. Zolan's motion to dismiss the complaint insofar as asserted against him on the ground that the two-and-one-half year Statute of Limitations for medical malpractice had expired (*see,* CPLR 214-a). On appeal, the plaintiffs contend that Dr. Zolan's manipulations constituted simple negligence and not malpractice, and that their lawsuit is therefore timely under the applicable three-year Statute of Limitations applicable to negligence cases (*see,* CPLR 214 [5]). We disagree.

During a physical examination in which a doctor is to provide an independent medical assessment of the injured plaintiff's condition and make recommendations for future treatment, the doctor impliedly contracts to "[utilize] the same professional skills in examining plaintiff at the insurance carrier's request as he would have in examining plaintiff for treatment purposes" (*Smith v Pasquarella,* 201 AD2d 782, 783). At the least, a physician has a duty not to injure a patient during his physical examination, and the breach of such a professional duty gives rise to a cause of action for medical malpractice (*see, Violandi v City of New York,* 184 AD2d 364; *Lee v City of New York,* 162 AD2d 34; *Murphy v Blum,* 160 AD2d 914; *Hickey v Travelers Ins. Co.,* 158 AD2d 112, 116; *Ferguson v Wolkin,* 131 Misc 2d 304; *Davis v Tirrell,* 110 Misc 2d 889; *cf., LoDico v Caputi,* 129 AD2d 361).

Moreover, "[t]he distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct complained of can instead be assessed on the basis of the common everyday experience of the trier of the facts" (*Miller v Albany Med. Ctr. Hosp.,* 95 AD2d 977, 978; *Smith v Pasquarella, supra,* at 783; *see also, Twitchell v MacKay,* 78 AD2d 125). Contrary to the plaintiffs' assertion, a lay jury would not be able to assess whether the manipulations performed on the plaintiff by Dr. Zolan were proper and necessary under the circumstances without the help of expert orthopedic witnesses (*see, e.g., Hale v State of New York,* 53 AD2d 1025).

Accordingly, the plaintiffs' claim against Dr. Zolan sounded in medical malpractice, and his motion to dismiss the com-

plaint insofar as asserted against him was properly granted as the action was commenced after the statutory period had run. O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.