■ ROBERT GASKA, Appellant, v KEITH HELLER et al., Respondents. [816 NYS2d 523]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated March 24, 2005, which granted the defendants' motion for summary judgment dismissing the complaint as time-barred.

Ordered that the order is affirmed, with costs.

The plaintiff claims, inter alia, that on May 22, 2000, the defendant Keith Heller, while performing surgery on him at the defendant Long Island Jewish Medical Center, "engraved, carved and cut initials or characters into the plaintiff's body," causing him to sustain injuries. The defendants moved for summary judgment, inter alia, on the ground that the action sounded in medical malpractice and/or intentional tort and, therefore, was time-barred. In opposition, the plaintiff alleged that he was scarred in an area where a drainage tube leading from the surgical site in his neck was secured to his chest. The plaintiff also alleged that he was never advised prior to the surgery that there was a chance he "might be sewn or have staples in that area," and have a scar on his chest as a result of the surgery on his neck.

"The distinction between ordinary negligence and malpractice turns on whether the acts or omissions complained of involve a matter of medical science or art requiring special skills not ordinarily possessed by lay persons or whether the conduct

complained of can instead be assessed on the basis of the common everyday experience of the trier of the facts" (*Smith v Pasquarella*, 201 AD2d 782, 783 [1994], quoting *Miller v Albany Med. Ctr. Hosp.*, 95 AD2d 977, 978 [1983]).

The defendants established that the securing of the drainage tube which came from the surgical site was part of, and related to, the medical treatment rendered by Heller. Contrary to the plaintiff's assertions, a lay jury would not be able to assess whether the method and manner utilized to secure the drainage tube to the plaintiff's chest was proper and necessary under the circumstances without the assistance of expert witnesses (*see Evangelista v Zolan*, 247 AD2d 508, 509 [1998]). Accordingly, the Supreme Court properly determined that the plaintiff's complaint sounded in medical malpractice (*see Scott v Uljanov*, 74 NY2d 673, 674-675 [1989]; *Evangelista v Zolan, supra; Rey v Park View Nursing Home*, 262 AD2d 624 [1999]; *Fox v White Plains Med. Ctr.*, 125 AD2d 538 [1986]; *Stanley v Lebetkin*, 123 AD2d 854 [1986]; *Miller v Albany Med. Ctr. Hosp., supra*), and dismissed the complaint as time-barred. The plaintiff did not commence this action until March 2003, more than 2½ years from May 22, 2000, when the complained-of conduct occurred (*see* CPLR 214-a).

The plaintiff's remaining contentions are without merit. Miller, J.P., Luciano, Lifson and Covello, JJ., concur.