■ RAYMOND DI BIASSO, Appellant, v. WERNER T. GONSENHAUSER, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The verdict is against the weight of the evidence. (Appeal from a judgment of Wayne Trial Term dismissing the complaint, in a negligence action.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAM E. HIBBITT, Appellant.— Order unanimously reversed and matter remitted to Erie Special Term for a hearing. Memorandum: The petition alleges facts which entitle the petitioner to a hearing. (Appeal from order of Erie Special Term denying, without a hearing, motion to vacate a judgment of conviction for robbery first degree, entered April 10, 1953.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERWIN HENDERSON, Appellant.— Order unanimously reversed and matter remitted to Monroe County Court for a hearing in accordance with the Memorandum. Memorandum: The *coram nobis* application of the defendant was denied without a hearing. His petition alleges that he was insane at the time of his plea of guilty to the reduced charge of manslaughter, first degree, and at the time of his sentence. The facts alleged in the petition are sufficient to require a hearing (*People* v. *Passante,* 15 A D 2d 631; *People* v. *Boundy,* 10 N Y 2d 518). Upon such hearing the scope and extent thereof should be considered by the court in the light of the further allegations in the petition and of our decision in *People* v. *Buchanan* (17 A D 2d 903). (Appeal from order of Monroe County Court denying, without a hearing, motion to vacate a judgment of conviction for manslaughter first degree, rendered April 23, 1959.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.

■ SANTINA TRIPI, Appellant, v. ELAINE STILLWELL, Respondent.— Judgment and order unanimously reversed on the law and facts and a new trial granted, with costs to appellant to abide the event. Memorandum: The nonsuit was granted after defendant had rested without offering any evidence. The plaintiff was " entitled to the benefit of every favorable inference which can reasonably be drawn" from the evidence submitted by her (*Sagorsky* v. *Malyon,* 307 N. Y. 584, 586; *Michaels* v. *Gannett Co.,* 10 A D 2d 417). Applying this principle the plaintiff established a prima facie case which required submission to the jury. Furthermore, plaintiff's motion to reopen and present additional proof, made as it was immediately after her counsel had informed the court that he rested and before any offer of proof by defendant, should have been granted. There was no showing of any prejudice to defendant and, therefore, the denial of this motion was an improvident exercise of the court's discretion. (Appeal from judgment of Erie Trial Term dismissing the complaint on the merits in an automobile negligence action; also appeal from order denying motion to reopen case, etc., and for a new trial.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.

■ JEANNE L. LONG, Appellant, v. FRANK H. LONG, Respondent.— Judgment insofar as appealed from unanimously modified by increasing the amount of alimony to $200 a week and as modified affirmed, with costs to appellant. Memorandum: In our opinion, a fair allowance for plaintiff and her children was $200 a week. (Appeal from part of a judgment of Erie Trial Term awarding plaintiff alimony and support for herself and children.) Present — Williams, P. J., Goldman, Henry, Noonan and Del Vecchio, JJ.