■ EDWARD McGOVERN, as Guardian ad Litem of GAILE McGOVERN, an Infant, et al., Appellants, v. JOSEPH N. ATTIE et al., Respondents, et al., Defendants.— In an action to recover damages for personal injuries sustained because of medical malpractice, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered March 31, 1966, in favor of defendants Attie, Schalettar, Upper Queens Medical Group, and H.I.P. Health Insurance Plan of Greater New York, upon the trial court's dismissal of the complaint as to said defendants at the end of the entire case upon a jury trial. Judgment modified, on the law, by (1) striking therefrom all the decretal provisions except the one which is in favor of defendant Attie and (2) providing, in lieu thereof, that as between plaintiffs and respondents other than defendant Attie a new trial and severance of action is granted. As so modified, judgment affirmed, with costs as between plaintiffs and respondents other than defendant Attie to abide the event of the new trial. No questions of fact were considered on this appeal. In our opinion, it was error for the trial court to dismiss the complaint as against respondents other than defendant Attie. The evidence adduced clearly presented issues of fact, which ought to have been submitted to the jury, as to whether defendant Schalettar deviated from accepted medical practice in the community in his treatment (or lack of same) of the infant plaintiff. There was ample testimony by plaintiffs' experts that, in the over-all clinical setting of this case, accepted medical practice in the community required close observation of the tumor with which the infant plaintiff was afflicted and quicker surgical intervention. Whether Dr. Schalettar deviated from the standards testified to was for the jury to decide. Upon the retrial the relationship between defendant Upper Queens Medical Group, of which Dr. Schalettar was a partner, and defendant H.I.P. ought to be explored. In this regard we note that it was error for the trial court to declare inadmissible the contract between the Medical Group and H.I.P., since the contract was annexed to H.I.P.'s answer and, hence, as part of a pleading, was always before the court (see *Holmes* v. *Jones,* 121 N. Y. 461, 466; *Continental Leather Co.* v. *Liverpool, Brazil & Riv. Plate Steam Nav. Co.*, 228 App. Div. 707). The contract was relevant on the question of the degree of control H.I.P. may have exerted over the Medical Group,

although no such control appears in the present record. Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.