■ LINDA D. NICHOLAS, Appellant, v C. H. J. REASON et al., Respondents. — Judgment reversed, with costs, and a new trial granted as to all defendants. All concur, Cardamone, J.P., not participating. Memorandum: Plaintiff, Linda D. Nicholas, while riding as a passenger on a motorcycle received a severely broken left leg in an accident. She was hospitalized for 22 weeks in Newark-Wayne Community Hospital from August 4, 1973 until January 16, 1974. While confined there she was treated by Drs. Reason, Duffner and Reeves, the defendants. She instituted the instant medical malpractice action which was dismissed by the trial court as against Drs. Duffner and Reeves upon their motion at the close of plaintiff's proof. The case went to the jury solely against Dr. Reason which returned a no cause for action in his favor. To be entitled to judgment as a matter of law, the defendant movant has the burden of showing that plaintiff failed to make out a prima facie case (4 Weinstein-Korn-Miller, NY Civ Prac, par 4401.05). The plaintiff's evidence is accepted as true (Siegel, New York Practice, § 402, p 529) and plaintiff is entitled to the benefit of the most favorable inferences which can reasonably be drawn from such evidence *(Parvi v City of Kingston,* 41 NY2d 553, 554; *Sagorsky v Malyon,* 307 NY 584, 586; *Tripi v Stillwell,* 22 AD2d 759). Guided by these principles, the court may grant the motion only if there is no rational process by which the jury could find for the plaintiff as against the moving defendants (Siegel, New York Practice, § 402, p 529; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4401.05). Thus, for defendant doctors Duffner and Reeves to have been entitled to judgment as a matter of law, they were required to show that plaintiff had not proved, prima facie, that they failed to exercise such reasonable care and diligence in their treatment of her as would be expected of the average member of the medical profession in the locality at the time of the treatment (see *Pike v Honsinger,* 155 NY 201, 209-210; *Twitchell v MacKay,* 78 AD2d 125, 128; *Hale v State of New York,* 53 AD2d 1025), or that she failed to prove "proximate cause" which the plaintiff in a medical malpractice action, as in any negligence action, is required to prove *(Kletnieks v Brookhaven Mem. Assn.,* 53 AD2d 169, 176). In that connection Dr. Finkel, a certified specialist in generalized orthopedics, testified that he examined plaintiff's complete hospital records from Newark-Wayne Community Hospital and Genesee Hospital, as well as the records of Dr. Miller who took over plaintiff's treatment on January 16, 1974 when plaintiff was transferred to Genesee Hospital. He stated he was familiar with the standard of care in 1973 and 1974 for the treatment of injuries such as plaintiff incurred. He "believe[d] that there was *a* divergence from acceptable medical standards in plaintiff's treatment between August, 1973 and January, 1974." The condition reported by Dr. Miller on January 16, 1974 — nonunion of the bone, areas of skin loss over the pedicle flap, areas of dead and necrotic bone, and drainage from the wound — was, he believed, the result of *that* deviation. While the record reflects that Dr. Finkel's testimony on direct was somewhat general, his testimony on cross-examination and redirect was more specific and sufficient to establish the elements of malpractice against these two defendants (cf. *Ward v Kovacs,* 55 AD2d 391, 397). Consequently, there were issues of fact with respect to defendants Duffner and Reeves which required a determination by the jury (see, e.g.,

*Squire v Meyers,* 46 AD2d 694; *McGovern v Attie,* 30 AD2d 559; cf. *Wessel v Krop,* 30 AD2d 764). That Dr. Duffner and Dr. Reeves were, as the trial court stressed, "merely to attend the patient for a short time while Dr. Reason was on vacation" does not absolve them as a matter of law from liability. It is for the jury to consider on retrial (see *Arshansky v Royal Concourse Co.,* 28 AD2d 986; cf. *Pigno v Bunim,* 43 AD2d 718, affd 35 NY2d 841). Finally, while it may be that the jury's verdict *as to defendant Reason was not against the weight of* the evidence, inasmuch as there was a difference of opinion between experts, nevertheless, in our view it would be eminently unfair to plaintiff on the retrial of this case for defendant Dr. Reason to be excluded (cf. *Joyce v Kowalcewski,* 80 AD2d 27, 30). After the case against Dr. Duffner was dismissed he testified as a defense witness and helped to rescue the remaining defendant, Dr. Reason, from the onus of failing to treat the diagnosed infection of August 19, 1973, by stating that it was *now* (although not formerly) his opinion that there had not been a flap infection. Accordingly, in the interest of justice a new trial should be granted as to all defendants. (Appeal from judgment of Wayne Supreme Court, Stiles, J. — medical malpractice.) Present — Cardamone, J. P., Callahan, Doerr, Denman and Schnepp, JJ.