■ RAYMOND GONZALEZ et al., Appellants, v ALFRED MOSCARELLA et al., Respondents, et al., Defendants.—In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Weiner, J.), entered January 21, 1987, which, upon the trial court's granting of the respondents' motion to dismiss the cause of action based upon the theory of lack of informed consent and upon a jury verdict on the issue of liability on the remaining causes of action, is in favor of the respondents and against them.

Ordered that the judgment is affirmed, with costs.

In March 1982 the plaintiff Raymond Gonzalez (hereinafter the plaintiff) consulted the defendant Dr. Kenneth Steinglass concerning recently manifested symptoms of pain and discomfort in his right foot. Determining that Mr. Gonzalez's condition was an acute one requiring immediate attention, Dr. Steinglass had the plaintiff hospitalized. Arteriograms and other tests performed the following day revealed that the plaintiff's three tibial arteries were totally occluded, resulting in a severely compromised blood flow to the leg. A conservative course of treatment pursued over the next four days

proved unsuccessful and Dr. Steinglass and his partner, Dr. Alfred Moscarella, endeavored to surgically restore blood flow to the threatened leg. These procedures were unsuccessful and the condition of the leg deteriorated, ultimately requiring an above-the-knee amputation.

The plaintiffs' theory of the case was that the occlusions of the tibial arteries sustained by Mr. Gonzalez were the result of a chronic arteriosclerotic process which could have been sufficiently halted or reversed to some extent by conservative therapy. The plaintiffs' medical experts testified that the respondents' misdiagnosis of the nature of Mr. Gonzalez's condition resulted in their performance of the two operative procedures which were contraindicated, exacerbated the arteriosclerotic condition and resulted in the formation of even more blood clots which led to further vessel occlusions, which necessitated the amputation.

By contrast, the defense position was that the plaintiff's condition was related to a more acute process, arthrothrombotic microembolization, which caused the occlusions. Since the occlusive process was not alleviated by the conservative therapy administered, the respondents had no alternative but to surgically intervene in order to save the threatened limb. In the absence of surgery, amputation of the limb would have been imminent. The operative procedures were, unfortunately, unsuccessful in reversing a significantly advanced occlusive process but presented the only viable alternative. Even had the occlusions been the result of an arteriosclerotic process, according to the respondents and their experts, in view of the continued deterioration of the condition during conservative therapy, the limb was unsalvageable.

On this record, it cannot be said that the jury's verdict was against the weight of the credible evidence, as it was based on a fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129). The resolution of issues regarding the credibility of both the expert and lay witnesses is a matter peculiarly within the province of the jury (see, Norfleet v New York City Tr. Auth., 124 AD2d 715, lv denied 69 NY2d 605; Sheps v Hall & Co., 112 AD2d 281). The jury could properly have found that Mr. Gonzalez's condition, whether it were the result of an acute embolization or a chronic arteriosclerotic process, would have necessitated the amputation whether or not the respondents had surgically intervened.

The trial court properly dismissed the plaintiffs' cause of action predicated on lack of informed consent inasmuch as the plaintiffs "failed to adduce expert medical testimony in sup-

port of the alleged qualitative insufficiency of the consent" (CPLR 4401-a). While one of the plaintiffs' experts did outline the risks inherent in the operative procedures performed and express an opinion that it would have been good medical practice to advise the patient of the risks and alternatives, the doctor never once expressed an opinion as to the adequacy of the information provided to Mr. Gonzalez by the respondents.

Finally, we have considered the plaintiffs' challenge to certain of the trial court's evidentiary rulings and find these claims to be without merit. Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.