■ LEONARD DOHLER, an Infant, by His Parent and Natural Guardian, RICHARD DOHLER, Appellant, v EDWARD FOGARTY et al., Respondents, et al., Defendant.—In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered August 27, 1987, which, upon an order granting the motion of the defendants Edward Fogarty and William Mooney pursuant to CPLR 4401 for judgment during trial dismissing the complaint as against them for failure to establish a prima facie case of negligence, made at the close of the plaintiff's case, dismissed the complaint as against them.

Ordered that the judgment is affirmed, with costs.

It is well established that: "To be entitled to judgment as a matter of law, the defendant movant has the burden of showing that plaintiff failed to make out a prima facie case; the plaintiff's evidence must be accepted as true, and plaintiff must be given the benefit of every favorable inference which can reasonably be drawn from that evidence (*Nicholas v Reason,* 84 AD2d 915). The motion should be granted only if there is no rational process by which the jury could find for the plaintiff as against the moving defendant (Siegel, NY Prac § 402; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4401.05).

"In order to survive a trial motion to dismiss at the end of her case, plaintiff was required to make a prima facie showing that the defendant failed to exercise such reasonable care and diligence in his treatment of her as would be expected of the average member of his profession in the locality at the time of treatment (*Pike v Honsinger,* 155 NY 201, 209-210; *Nicholas v Reason, supra),* and that plaintiff's injury proximately resulted from defendant's departure from the required standard of performance (*Nicholas v Reason, supra)" (Hylick v Halweil,* 112 AD2d 400).

In this case, the plaintiff failed to meet his burden of establishing, prima facie, that his subdural hematoma and hydrocephalus resulted from any malpractice on the part of the defendant doctors. Accordingly, upon the said defendants' motion, the trial court properly dismissed the plaintiff's complaint at the close of his case as against them. Lawrence, J. P., Rubin, Eiber and Balletta, JJ., concur.