■ SUSAN LACY et al., Appellants, v GUTHRIE CLINIC, LTD., et al., Respondents.—Judgment unanimously reversed on the law with costs and new trial granted. Memorandum: In this medical malpractice action, Supreme Court erred in granting defendants' motion to dismiss plaintiffs' complaint at the close of all the evidence. Plaintiffs made out a prima facie case *(see, Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202).

A trial court may dismiss a complaint at the close of the evidence presented *(see,* CPLR 4401) only if there is no rational basis whereby the jury might find for the plaintiff as against the moving defendants *(Rhabb v New York City Hous. Auth., supra; Spano v County of Onondaga,* 135 AD2d 1091,

*appeal dismissed* 71 NY2d 994; *Ehlinger v Board of Educ.,* 96 AD2d 708, 709; *Nicholas v Reason,* 84 AD2d 915). On such a motion, the defendant movant has the burden of showing that plaintiff failed to make out a prima facie case *(Nicholas v Reason, supra)* and plaintiff is entitled to the benefit of the most favorable view of the evidence *(Parvi v City of Kingston,* 41 NY2d 553, 554; *Spano v County of Onondaga, supra; O'Neil v Port Auth.,* 111 AD2d 375, 376; *Nicholas v Reason, supra).*

Plaintiffs presented proof that each of defendant doctors failed properly and timely to diagnose plaintiff Susan Lacy's herniated cervical disc, failed to order proper diagnostic testing, or misread the results of diagnostic tests. Plaintiffs' experts also testified that defendants' actions were a proximate cause of the delayed diagnosis and ongoing injury and that, because the neck injury was undiagnosed and untreated until a year and a half later, plaintiff Susan Lacy experienced pain and suffering and progression of nerve injury and is more prone to subsequent injury later in life. Thus, plaintiffs' claim should have gone to the jury for determination *(see, Nicholas v Reason, supra; Monahan v Weichert,* 82 AD2d 102, 105-108). (Appeal from Judgment of Supreme Court, Steuben County, Scudder, J.—Summary Judgment.) Present—Callahan, J. P., Green, Lawton, Davis and Doerr, JJ.