◼ SIDNEY EVANS et al., Appellants, v JAMES A. HOLLERAN, Respondent. [604 NYS2d 958] —In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered August 31, 1990, which, after the close of the evidence, dismissed the complaint for failure to make out a prima facie case.

Ordered that the judgment is modified, on the law, by deleting the provision thereof granting the defendant judgment as a matter of law on the first and third causes of

action, and those causes of action are reinstated; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial with respect to the first and third causes of action, with costs to abide the event.

Approximately one month after removing a polyp from the colon of the plaintiff Sidney Evans, the defendant performed a colonoscopy on him to insure that there were no more polyps in his colon. Mr. Evans subsequently experienced abdominal pain, which he was advised to treat with, among other things, a warm water enema. His condition did not improve, and when he returned to the hospital the day after the colonoscopy, it was discovered that he had suffered a perforation in his colon. Ultimately, he underwent a colostomy to heal the perforation, and he and his wife subsequently commenced the instant malpractice action against the defendant, asserting causes of action to recover damages for negligence and lack of informed consent. The action proceeded to trial, and at the close of all of the testimony, the trial court granted the defendant's motion to dismiss the complaint for failure to make out a prima facie case. The plaintiffs appeal.

At the trial the plaintiffs propounded four theories of medical malpractice support of their first and third causes of action: (1) that the defendant was negligent in performing the colonoscopy, thereby creating the perforation, (2) that the defendant was negligent in prescribing a warm water enema, upon learning that Mr. Evans was experiencing pain after the colonoscopy, thereby exacerbating the situation, (3) that the defendant was negligent in failing to detect the perforation at an earlier time, which would have permitted a more conservative method of treatment and obviated the need for surgical intervention, and (4) that the defendant performed the colonoscopy with a lack of informed consent. With respect to the failure to detect, the plaintiffs specifically alleged that the defendant was negligent in not having ordered an abdominal X-ray and in not having a blood count taken.

The plaintiffs proffered an expert witness who opined that the defendant committed several departures from good and accepted medical practice. However, on cross-examination he acknowledged that, for the most part, he could not say with a reasonable degree of medical certainty that those departures were a proximate cause of Mr. Evans's injuries. Thus, viewing the evidence in the light most favorable to the plaintiffs, as we must, we agree with the trial court's determination that no rational trier of fact could have found for the plaintiffs under

the theory that the defendant negligently performed the colonoscopy or the theory that the defendant's advice with respect to the enema was negligent under the circumstances *(see, Dohler v Fogarty,* 148 AD2d 660; *Hylick v Halweil,* 112 AD2d 400). However, the evidence adduced was sufficient to support a finding that the defendant's delay in detecting the perforation was negligent and that that negligence was a proximate cause of Mr. Evans's injuries. Specifically, the testimony of the plaintiffs' expert supports a finding that the defendant's failure to order an abdominal X-ray of Mr. Evans upon learning that he was in distress was a departure from good and accepted medical practice, and that an X-ray might have revealed circumstances from which it was reasonable for a physician to have detected the existence of a perforation in the colon. Had that perforation been detected more quickly, it could have been treated by conservative methods, and the need for surgical intervention and the resulting injuries could have been obviated. Thus, the plaintiffs are entitled to a new trial on this issue *(see generally, Colozzo v Lo Vece,* 144 AD2d 617).

We agree with the determination of the Supreme Court that dismissal of the plaintiffs' causes of action to recover damages for lack of informed consent was required, as the plaintiffs failed to adduce expert medical testimony as to the qualitative insufficiency of the consent given *(see,* CPLR 4401-a; *Gonzalez v Moscarella,* 142 AD2d 550), and to establish that a reasonably prudent person in Mr. Evans's position would not have undergone the colonoscopy if he had been fully informed of the risks of the procedure *(see, Hylick v Halweil,* 112 AD2d 400, *supra).* Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.