■ ARLENE FLICK, Appellant, v TOWN OF STEUBEN, Respondent. [605 NYS2d 602] —Order unanimously reversed on the law with costs, motion denied, complaint reinstated and new trial granted. Memorandum: Supreme Court erred in dismissing plaintiff's complaint at the close of the proof on the ground that she failed to prove that the pile of material on defendant's property contained salt. A motion to dismiss a complaint at the close of the proof must be denied unless there is no rational basis on which a jury could find for the plaintiff against the moving defendants *(see, Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202; *Lacy v Guthrie Clinic,* 184 AD2d 1057). In determining the motion, the evidence must be viewed in the light most favorable to the plaintiff *(see, Parvi v City of Kingston,* 41 NY2d 553, 554; *Spano v County of Onondaga,* 135 AD2d 1091, *appeal dismissed* 71 NY2d 994).

Here, plaintiff testified without objection that the pile on defendant's property contained salt. Additionally, plaintiff's experts, based on their observations, rendered their opinions that the pile, which was close to plaintiff's well, contained a large quantity of salt. Although neither of the experts performed an independent analysis of the contents of the pile, their observations formed a sufficient basis for their opinions that the pile contained salt *(see,* CPLR 4515).

We find no merit to defendant's contention that plaintiff failed to make out a prima facie case because she failed to establish that the salt in defendant's pile was the same variety as that found in her well. Plaintiff's experts testified that defendant's method of storing the salt allowed it to dissolve into the soil, that there were no other sources of salt to contaminate plaintiff's well, and that the general flow of subterranean waters was from the salt pile to plaintiff's well. That testimony, along with plaintiff's testimony that her water was salty, provided a sufficient basis, when given every

favorable inference, for a jury to conclude that plaintiff's well was contaminated by defendant's salt pile *(see generally, Meehan v State of New York,* 95 Misc 2d 678).

Supreme Court dismissed the complaint without determining defendant's motion to strike the testimony of plaintiff's experts. Because a new trial is required, we will not consider that issue in the first instance on appeal. (Appeal from Order of Supreme Court, Oneida County, O'Donnell, J.H.O.—Dismiss Complaint.) Present—Denman, P. J., Callahan, Lawton and Davis, JJ.