■ COREY SINGER, Appellant, v LONG ISLAND LIGHTING COMPANY, Respondent. [621 NYS2d 673] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Alpert, J.), dated April 30, 1993, which, upon the granting of the defendant's motion pursuant to CPLR 4401, made at the close of the plaintiff's case to dismiss the complaint for failure to establish a prima facie case, is in favor of the defendant and against him.

Ordered that the judgment is reversed, on the law, the motion is denied, the complaint is reinstated, and a new trial is ordered, with costs to abide the event.

The plaintiff was injured on April 27, 1989, when he was thrown from his bicycle after the bicycle's handlebars became entangled in a wire hanging from a utility pole. The wire was owned by New York Telephone and the pole, i.e., pole No. 92, was owned by the defendant, Long Island Lighting Company (hereinafter LILCO). The plaintiff commenced the instant action against LILCO alleging, *inter alia,* that it had failed to "replace or repair" the wire, "thus causing same to become a hazard".

At the close of the plaintiff's case, the Supreme Court granted the motion by LILCO to dismiss the complaint, stating:

"It is well established that before a defendant may be held liable for negligence, it must be demonstrated that the defendant owed a duty to the plaintiff. In the absence thereof, there is no breach, and without a breach liability may not be imposed.

"In this Court's view, no duty may be charged against LILCO arising from New York Telephone's wires which were not in the defendant's possession, and over which they exercised no control."

In so holding, the Supreme Court specifically rejected the plaintiff's argument "that the deposition testimony of Walter Boschock, a LILCO field supervisor, establishes the assumption of a duty to maintain the wires of others affixed to LILCO's poles".

We disagree with the Supreme Court's determination.

It is well settled that in order to be entitled to judgment as a matter of law, a defendant movant has the burden of

showing that the plaintiff failed to make out a prima facie case *(see, Nicholas v Reason,* 84 AD2d 915). In determining that motion, the plaintiff's evidence must be accepted as true, and the plaintiff is entitled to the benefit of the most favorable inferences which can reasonably be drawn from such evidence *(see, Parri v City of Kingston,* 41 NY2d 553, 554; *Tripi v Stillwell,* 22 AD2d 759). In the instant case, the deposition testimony of Walter Boschock, LILCO's field supervisor, was read into evidence. That testimony, insofar as is relevant herein, was as follows:

"QUESTION: But you did go by [pole No. 92] every day through your regular course of employment, correct?

"ANSWER: Right * * *

"QUESTION: Now, as part of your job, do you see that the poles are maintained in a certain manner?

"ANSWER: Yes.

"QUESTION: If repairs have to be made, does your crew make repairs?

"ANSWER: Yes.

"QUESTION: And if per chance a wire were hanging loose, whether it was a LILCO wire or not, would you direct your crew to secure that wire? * * *

"QUESTION: I am talking about before an accident happened. If there is something [defective] about a pole such as a wire hanging loose and you were to notice that, would you direct someone?

"ANSWER: Yes * * *

"QUESTION: That's part of your duties and your crew's duties to see that these poles were maintained in the proper manner and safety?

"ANSWER: That is correct.

"QUESTION: Safety is part of your job also, is that not correct?

"ANSWER: That's correct".

Finally, another witness for the plaintiff, i.e., the plaintiff's mother, testified that she saw the offending wire hanging from pole No. 92, on April 25, 1989, two days before the accident.

Under these circumstances, a question of fact was presented for the jury's resolution as to whether LILCO assumed the duty to repair the subject wire, and whether it had sufficient notice of this dangerous condition. Accordingly, the complaint should not have been dismissed at the close of the plaintiff's case. Mangano, P. J., Copertino and Friedmann, JJ., concur.

Thompson, J., dissents and votes to affirm the judgment, with the following memorandum, with which Hart, J., concurs. The majority holds that the deposition testimony of Mr. Boschock, LILCO's field supervisor, created questions of fact as to whether LILCO assumed a duty to repair defects of and maintain a wire owned by New York Telephone. I disagree.

Mr. Boschock did not state that his employment duties obligated him to drive through the area where the accident took place and repair defective wires irrespective of who owned them. Rather, Mr. Boschock's testimony indicated that (1) during the course of his employment, he drove through the area where the accident occurred, (2) if he saw a wire dangling from a pole he would direct his work crew to fix it, and (3) it was his duty to maintain the poles in the "proper manner and safety". The fact that Boschock testified that he would direct his work crew to repair a dangling wire if he noticed it does not mean it was his duty to repair dangling wires owned by third parties. Since, in my view, Boschock's testimony did not amount to a statement that LILCO obligated itself to repair the type of condition which caused the plaintiff's injury, I would affirm the judgment appealed from.