■ RUTH SOFAIR, Respondent, v ALLAN A. LEVIN-EPSTEIN, Appellant. [647 NYS2d 990] —In an action to recover damages, *inter alia,* for lack of informed consent, the defendant appeals from a judgment of the Supreme Court, Queens County (Posner, J.), entered June 23, 1995, which, upon a jury verdict, is in favor of the plaintiff and against the defendant in the principal sum of $160,000.

Ordered that the judgment is affirmed, with costs.

Viewing the evidence in a light most favorable to the plaintiff, and according her the benefit of every reasonable inference (*see, Negri v Stop & Shop,* 65 NY2d 625, 626), the jury verdict finding lack of informed consent was supported by sufficient evidence (*see,* Public Health Law § 2805-d [1], [3]; CPLR 4401-a). The plaintiff adduced sufficient expert testimony regarding the inadequacy of the defendant's warnings regarding the inherent risks of the surgery (*cf., Gonzalez v Moscarella,* 142 AD2d 550).

The defendant's remaining contentions are without merit. Sullivan, J. P., Pizzuto, Hart and Goldstein, JJ., concur.

■ MICHAEL SQUILLANTE et al., Appellants, v CITY OF YONKERS et al., Respondents. [647 NYS2d 1004] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Donovan, J.), dated November 3, 1995, which, upon granting the motion of the defendant City of Yonkers made at the close of the plaintiffs' case to dismiss the complaint for failure to establish a prima facie case, is in favor of the defendant City of Yonkers, and against them.

Ordered that the judgment is affirmed, without costs or disbursements.

We agree with the Supreme Court that the plaintiffs failed to prove a prima facie case. Therefore dismissal of the action was warranted (*see, e.g., Kleinmunz v Katz,* 190 AD2d 657; *Nicholas v Reason,* 84 AD2d 915).

We have examined the plaintiffs' remaining contention and find it to be without merit. Mangano, P. J., Miller, Ritter and Altman, JJ., concur.