■ NATALIE COLBURN, Appellant, v JOSEPH BLUM, Respondent. (Appeal No. 1.) [— NYS2d —] —Judgment unanimously

reversed on the law with costs and new trial granted. Memorandum: On July 5, 1990, plaintiff was injured in a boating accident and was taken to a hospital where defendant, the emergency room physician on call, treated her. Defendant irrigated a laceration and placed four stitches in the back of plaintiff's knee. He also debrided fatally damaged tissue in the area of an abrasion, cleaned the area, administered an antibiotic cream, and bandaged plaintiff's leg. Plaintiff returned to the emergency room on July 13 to have her stitches removed; her leg was severely swollen and discolored with extensive necrosis in the area of the abrasion. Ultimately, another physician drained two quarts of fluid from plaintiff's leg and debrided a significant amount of necrotic fatty tissue. Plaintiff was left with a mild deformity and testified that she was in pain and her physical activities were limited as a result of the injury.

Plaintiff commenced this medical malpractice action alleging that defendant failed to provide the level of care acceptable in the professional community in which he practices and that his deviation from the applicable standard of care proximately caused her injuries. She further alleged that defendant violated a standard of care by failing to schedule a follow-up appointment within 24 to 48 hours or to issue written instructions requiring plaintiff to have the abrasion reassessed by a physician. At the close of defendant's case, Supreme Court granted defendant's cross motion for a directed verdict, holding that the testimony of plaintiff's expert had failed to establish the element of proximate cause. We disagree with that determination and grant a new trial.

The critical testimony of plaintiff's expert on the issue of causation was as follows:

"Q: What specific injury or injuries and damage to [plaintiff] did [defendant's] actions then lead to in falling below the applicable standard of care?

"A: Further wound tissue death.

"Q: Could some of this tissue have been saved by proper follow-up instructions or by following a proper standard of care by [defendant]?

"A: That's really beyond my area of expertise. Generally we refer these patients to a surgeon, plastic surgeon or something".

The court's reliance on the answer to the second question was misplaced. The answer to the first question establishes the element of causation; the answer to the second question simply addresses the extent of plaintiff's injury. Viewing the evidence in the light most favorable to plaintiff, and resolving all issues

of credibility in plaintiff's favor (*see, e.g., Rhabb v New York City Hous. Auth.*, 41 NY2d 200, 202), we conclude that the cross motion should have been denied and plaintiff's claim submitted to the jury (*see, Lacy v Guthrie Clinic*, 184 AD2d 1057).

We reject plaintiff's argument that a July 1992 letter by Dr. Paul Paris offering the services of an expert constituted admissible expert testimony that established the requisite element of proximate cause. The letter is not in admissible form and cannot be used as independent evidence of the cause of plaintiff's injuries (*see, Romatowski v Hitzig*, 227 AD2d 870). In any event, plaintiff did not rely on the letter as a ground for opposing defendant's cross motion and thus her argument is not preserved. (Appeal from Judgment of Supreme Court, Chautauqua County, Gerace, J.—Malpractice.) Present—Denman, P. J., Pine, Fallon, Doerr and Balio, JJ.