■ CYNDIE JONES, Appellant, v GREAT AMERICAN GROCERY STORE, Respondent. (Appeal No. 1.) [652 NYS2d 560] —Appeal unanimously dismissed without costs (*see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.*, 147 AD2d 977). (Appeal from Order of Supreme Court, Oneida County, Lynch, J.H.O.—Negligence.) Present—Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.

■ CYNDIE JONES, Appellant, v GREAT AMERICAN GROCERY STORE, Respondent. (Appeal No. 2.) [651 NYS2d 773] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when another customer punched her in the face after a verbal altercation in the check-out line at defendant's store. Supreme Court properly granted defendant's motion to dismiss brought pursuant to CPLR 4401 (*cf., Lacy v Guthrie Clinic*, 184 AD2d 1057). Although defendant had a duty to exercise reasonable care to protect its customers, the sudden

and unexpected physical attack upon plaintiff "is not a situation that [defendant] could reasonably have been expected to have anticipated or prevented" (*Davis v City of New York,* 183 AD2d 683). Plaintiff failed to establish the occurrence of a prior similar incident at that store or at any of defendant's stores and failed to proffer expert testimony on safety standards or measures that could have been taken by defendant to protect customers from attacks by third persons. Thus, viewing the proof in the light most favorable to plaintiff, we conclude that plaintiff failed to establish a prima facie case for the imposition of liability upon defendant (*see, Lacy v Guthrie Clinic, supra,* at 1058). (Appeal from Judgment of Supreme Court, Oneida County, Lynch, J.H.O.—Negligence.) Present— Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.