■ PAUL WARNEY, Appellant, v HASKEL M. HADDAD et al., Defendants, and DOCTORS HOSPITAL, Respondent. [654 NYS2d 138] —Order of the Supreme Court, New York County (Karla Moskowitz, J.), entered November 8, 1995, which granted defendant hospital's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

In this action for medical malpractice, plaintiff Paul Warney claims that defendant Doctor's Hospital negligently supplied his private physician, Haskel M. Haddad, M.D., with outdated surgical supplies—specifically, black silk sutures—for use in two corneal transplant operations on plaintiff's right eye. In opposition to defendant's motion, plaintiff presented the affidavit of Savern Scannapiego, M.D., a cornea specialist, who opined that the use of silk sutures represented a deviation from accepted standards of medical practice prevailing in 1987 and that Mr. Warney's vision problems are directly attributable to adverse reactions associated with the use of the sutures. The hospital presented opposing affidavits from its own employees to the effect that silk sutures "are not today, nor where [sic] they in 1987, banned or prohibited from use in *any* surgical procedure including ophthalmologic surgery."

As a rule, "a hospital is normally protected from tort liability if its staff follows the orders" of the patient's private physician (*Toth v Community Hosp.*, 22 NY2d 255, 265). An exception exists "where the hospital staff knows that the doctor's orders are so clearly contraindicated by normal practice that ordinary prudence requires inquiry into the correctness of the orders" (*supra*, at 265, n 3, citing *Fiorentino v Wenger*, 19 NY2d 407, 414-415). This Court has applied the exception enunciated in *Toth* (*supra*) "to a situation in which hospital personnel should have known that the physician's orders were clearly contraindicated" (*Christopher v St. Vincent's Hosp. & Med. Ctr.*, 121 AD2d 303, 306, *appeal dismissed* 69 NY2d 707; *see also, Somoza v St. Vincent's Hosp. & Med. Ctr.*, 192 AD2d 429, 431).

Summary judgment dismissing a complaint is inappropriate where, viewing the evidence in the light most favorable to the party opposing the motion, there is any doubt regarding the existence of a triable issue (*see, Singer v Long Is. Light. Co.*, 211 AD2d 779, 779-780). The opposing affidavits in the record are sufficient to create an issue of fact as to whether defendant

hospital should have known that Dr. Haddad's decision to use silk sutures was "clearly contraindicated" for use in corneal transplant surgery. Concur—Sullivan, J. P., Ellerin, Rubin and Mazzarelli, JJ.