■ MARIAN BEELER et al., Appellants, v EDWARD ADLER et al., Defendants, and HOSPITAL FOR JOINT DISEASES, Respondent. [656 NYS2d 615] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about September 30, 1996, which granted defendant hospital's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

During a procedure for removal of a femoral rod, plaintiff suffered a comminuted fracture along the length of her femur because the distal screw affixed to the rod had not been previously removed and it shattered the bone as the rod was being drawn out. The surgeon, a private physician who had performed an earlier procedure removing the proximal screw, mistakenly recalled removing the distal screw. Although a hospital is normally protected from tort liability if its staff follows the orders of the patient's private physician, plaintiff invokes the exception where the hospital staff knows that the private doctor's orders are so clearly contraindicated by normal practice that ordinary prudence requires inquiry into the correctness of the orders (*see, Warney v Haddad,* 237 AD2d 123). However, the motion court correctly concluded the exception is inapplicable here, based on the undisputed testimony that the resident advised the surgeon that the patient's X-ray did not show the distal portion of the femoral rod but was told by the surgeon in no uncertain terms that the distal screw had been removed. The resident was entitled to rely upon the surgeon's assertion and was under no further duty to inquire or to seek additional X-rays. Nor can there be any claim based on the resident's failure to intervene in the procedure absent evi-

dence that he discerned or should have discerned any crepitus or twitching of plaintiff's leg before the surgeon did. Concur—Ellerin, J. P., Rubin, Williams and Tom, JJ.