■ JOHN F. FINNEGAN, JR., et al., Appellants, v MELVIN M. BROTHMAN, Respondent. [705 NYS2d 145] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on first and second causes of action only in accordance with the following Memorandum: Supreme Court erred in granting that part of defendant's motion pursuant to CPLR 4401 for a directed verdict on the first and second causes of action alleging medical malpractice and negligence. John F. Finnegan, Jr. (plaintiff) received insurance benefits from New York Central Mutual Insurance Company (NYCM) as a result of a motor vehicle accident on April 11, 1992. Prior to a scheduled surgery on plaintiff's right shoulder, NYCM directed plaintiff to submit to a medical examination by defendant. Plaintiff testified that the length of the examination was 3 minutes and 22 seconds and that no medical history was taken nor meaningful physical examination performed. Defendant testified that he performed a standard examination over a period of 20 to 25 minutes. Defendant's report to NYCM's agent did not include a medical opinion because defendant did not have the results of diagnostic tests that had been conducted previously. However, the report included defendant's personal opinion that the need for the shoulder surgery was not related to the accident. That report resulted in the denial of benefits for plaintiff's surgery. Plaintiff incurred costs and attorney's fees in the ensuing arbitration, which resulted in an award of the benefits that was denied based on defendant's report.

The court erred in directing a verdict on the first cause of action alleging medical malpractice. Defendant testified that a proper independent medical examination includes taking the patient's history, conducting a physical examination and reviewing diagnostic studies. Plaintiff's testimony provided a

rational basis for the jury to find that defendant failed to conduct a proper examination and that the denial of benefits was causally related to that failure (*see, Lacy v Guthrie Clinic,* 184 AD2d 1057).

The court further erred in directing a verdict on the second cause of action alleging negligence because the jury could have rationally found that defendant's report caused plaintiff to lose insurance benefits and incur damages (*see, Lacy v Guthrie Clinic, supra*). "Although defendant's examination was not paid for by plaintiff and was not conducted during the course of treatment or with intention of future treatment, defendant nevertheless owed a duty of reasonable care to plaintiff (*see, Roth v Tuckman,* 162 AD2d 941, 942, *lv denied* 76 NY2d 712), although the scope of that duty is limited (*see, Murphy v Blum,* 160 AD2d 914, 915; *LoDico v Caputi,* 129 AD2d 361, 364, *lv denied* 76 NY 804)" (*Smith v Pasquarella,* 201 AD2d 782).

We thus modify the judgment by denying defendant's motion in part and reinstating the first and second causes of action and by granting a new trial on those causes of action only. (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—Negligence.) Present—Green, A. P. J., Hayes, Pigott, Jr., and Scudder, JJ.