specified that the amount of $135,000 would be applied to the total amount of $160,000 due and owing, and that the sum of $25,000, which was identified as "due and owing from each of you, jointly and severally", consisted of debt that was personally guaranteed by defendants. Consequently, both defendants remain liable for that amount. We modify the order and judgment, therefore, by granting plaintiff's motion in its entirety. (Appeals from Order and Judgment of Supreme Court, Monroe County, Barry, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Scudder, Kehoe and Balio, JJ.

■ LEON R. ZOELLER, JR., et al., Respondents, v ATTICA LODGE #462 F&AM, Appellant, and CITIZENS LODGE 309 IOOF, Respondent. (Appeal No. 1.) [708 NYS2d 680] —Appeal unanimously dismissed without costs (see, Smith v Catholic Med. Ctr., 155 AD2d 435; see also, CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Set Aside Verdict.) Present—Pigott, Jr., P. J., Hayes, Scudder, Kehoe and Balio, JJ.

■ LEON R. ZOELLER, JR., et al., Respondents, v ATTICA LODGE #462 F&AM, Appellant, and CITIZENS LODGE 309 IOOF, Respondent. (Appeal No. 2.) [707 NYS2d 579] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of Attica Lodge #462 F&AM (defendant) for a directed verdict or, in the alternative, an order setting aside the verdict and granting a new trial. Leon R. Zoeller, Jr. (plaintiff) was injured when the left side of a wooden folding chair owned by defendant collapsed when plaintiff sat on it. Plaintiffs' expert testified that the left rear bracket had loosened over time, causing the chair to fail. The expert used another chair owned by defendant to demonstrate that the defect was visible when the chair was folded or unfolded. We conclude that there is a rational basis for the jury to have found that defendant failed to maintain the chair " 'in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others * * * and the burden of avoiding the risk' " (Basso v Miller, 40 NY2d 233, 241), and thus defendant was not entitled to a directed verdict (see generally, Cohen v Hallmark Cards, 45 NY2d 493, 498-499; cf., Finnegan v Brothman, 270 AD2d 808). We further conclude that, although defendant presented evidence that it had inspected the chairs the day before plaintiff's injury, the verdict is not against the weight of the evidence (see generally, Nicastro v Park, 113 AD2d 129, 134-135; cf., Bolles v County of Cattaraugus, 162 AD2d 975, rearg granted 166 AD2d 931 [award of costs stricken]). (Appeal from Judgment of Supreme Court, Erie