■ JOANN DUNLOP et al., Appellants, v VIMALA S. SIVARA-MAN, Respondent. [709 NYS2d 419] —In an action to recover damages for medical malpractice and lack of informed consent, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Catterson, J.), entered April 8, 1999, which, upon an order of the same court dated March 15, 1999, granting the defendant's motion for summary judgment, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the provisions of the order dated March 15, 1999, dismissing the first and third causes of action asserted in the complaint are vacated, those branches of the defendant's motion which were for summary judgment dismissing those causes of action are denied, those causes of action are reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings.

The defendant made a prima facie showing that she did not depart from accepted medical practice in rendering treatment to the plaintiff Joann Dunlop (*see*, *Kramer v Rosenthal*, 224 AD2d 392). However, the affidavit of the plaintiffs' expert raised a triable question of fact with regard to that issue by proffering a medical opinion based upon specified facts (*see*, *Baez v Lockridge*, 259 AD2d 573), that the surgical procedure was unnecessary (*see*, *Lipsius v White*, 91 AD 2d 271). Accordingly, the first and third causes of action of the complaint should be reinstated.

The second cause of action, alleging lack of informed consent, was properly dismissed. To recover damages for lack of informed consent, a plaintiff must establish, pursuant to Public Health Law § 2805-d, that (1) the defendant physician failed to disclose the material risks, benefits, and alternatives to the contemplated medical procedure which a reasonable medical practitioner "under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation", and (2) a reasonably prudent person in the patient's position would not have undergone the procedure if

he or she had been fully informed (Public Health Law § 2805-d [1], [3]; *Davis v Nassau Ophthalmic Servs.*, 232 AD2d 358). The plaintiffs' expert did not specifically address the adequacy of the information provided to the injured plaintiff by the defendant (*see, Evans v Holleran*, 198 AD2d 472), and made only conclusory allegations that a reasonably prudent person would have refused to consent to the procedure. O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.