■ HELEN MURPHY, Appellant, v BENTON KENDIG et al., Defendants and Third-Party Plaintiffs-Respondents. OSCAR'S PENFIELD GRILL, INC., et al., Third-Party Defendants-Respondents. (Appeal No. 1.) [744 NYS2d 593] —Appeal from a judgment of Supreme Court, Monroe County (Galloway, J.), entered March 23, 2001, which granted defendants' motion for a directed verdict and dismissed the amended complaint.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, defendants' motion is denied in part, the common-law negligence cause of action is reinstated and a new trial is granted on the common-law negligence cause of action only.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she fell down a flight of stairs leading to the basement of a restaurant then operated by Oscar's Penfield Grill, Inc. (Oscar's). At that time, she was working for Oscar's as a part-time bartender. Plaintiff initially commenced this action against, inter alia, the president and sole shareholder of Oscar's, William S. Petsos, and, following a successful motion for summary judgment by Petsos (*Murphy v Petsos*, 219 AD2d 889, *lv dismissed* 87 NY2d 1055), Benton

Kendig, Kend Enterprises, Inc. and Kend General Contractors (collectively, Kendig), the remaining defendants, commenced a third-party action against Petsos and Oscar's. Kendig, allegedly the general contractor renovating the restaurant at the time of plaintiff's accident, thereafter moved for summary judgment dismissing the amended complaint, and the court granted that part of the motion seeking summary judgment dismissing the claim under Labor Law § 241 (6). Trial went forward on the cause of action in plaintiff's second amended complaint alleging common-law negligence and the claim alleging violation of Labor Law § 200. Plaintiff contended at trial that the premises were defective because there was a broken step on the basement stairs allegedly repaired six weeks before the accident by Geoff Kendig, the brother of defendant Benton Kendig, and there was neither a handrail nor any lighting at the top of the stairway. Supreme Court erred in granting that part of defendants' motion for a directed verdict at the close of proof seeking dismissal of the cause of action alleging common-law negligence.

Along with owners of real property, a general contractor may be held liable in common-law negligence to a person injured while lawfully on the premises where renovation work is being performed if it is established that the general contractor had supervision and control of the general condition of the premises, and either created the unsafe condition or had actual or constructive notice of it (*see Gambee v Dunford*, 270 AD2d 809, 810; *see also Greenidge v HRH Constr. Corp.*, 279 AD2d 400, 402-403; *see generally Gibson v Worthington Div. of McGraw-Edison Co.*, 78 NY2d 1108, 1109-1110). In determining a motion for a directed verdict, the court must view the evidence in the light most favorable to the nonmoving party (*see Szczerbiak v Pilat*, 90 NY2d 553, 556; *Nicholas v Reason*, 84 AD2d 915, 915) and resolve all issues of credibility in favor of the nonmoving party (*see Colburn v Blum*, 233 AD2d 888, 889-890). The court "may grant the motion only if there is no rational process by which the jury could find for the plaintiff as against the moving defendants" (*Nicholas*, 84 AD2d at 915). We conclude that there was a rational process by which the jury could have found that Kendig was the general contractor at the time of plaintiff's accident and that Kendig is liable for the unsafe condition of the premises.

At trial, plaintiff presented a prima facie case that Kendig served as general contractor on the addition to the restaurant that enclosed a walkway leading to the basement stairs down which plaintiff fell. The record contains evidence that Kendig

served as general contractor on the first phase of the renovations to the restaurant, and Benton Kendig himself testified that he did not know if the initial phase of the renovations had been completed when he appeared before the Town of Penfield Zoning Board of Appeals (ZBA) with Petsos in September 1989 concerning the addition phase of the renovations. Benton Kendig testified that he told the ZBA that he "did the contract," and a jury could rationally find from that testimony that he was referring to the contract for both the initial renovations and the addition. The evidence establishes that Benton Kendig was named on the building permit applications for both the initial renovations and the addition. Moreover, Benton Kendig used the term "we" when appearing before the ZBA in support of the application of Petsos for a variance, when he discussed the need to cover the walkway to the then-exterior entrance to the basement through the "bilco" doors. Benton Kendig further testified that he recommended a mason for the addition, negotiated the job, and paid him for his work. The mason testified that he finished his work on December 28, 1989 and, when he thereafter returned to the site to check on the progress of the job, he saw a carpenter whom he had seen working with Benton Kendig on another job. Plaintiff's fall occurred one month after the mason finished his work, before the roof had been installed on the addition. The only evidence concerning the other subcontractors who worked on the addition was provided by Petsos, who testified that he alone "interacted" with the workers who laid the linoleum, the roofer, the painter and the electrician, and that Kendig did not supervise them. However, the jury would have been entitled to disbelieve the testimony of Petsos who, given the existence of the pending third-party action against him, had an interest in the dismissal of the action against Kendig. No proof concerning the identity of those other tradespeople who worked on the addition was introduced at trial.

We further conclude that plaintiff presented a prima facie case that there were unsafe conditions in the premises created during the construction of the addition that caused or contributed to plaintiff's accident and that Kendig created the unsafe conditions or had actual or constructive notice of them. Those conditions included the darkening of the basement stairs caused by the construction of masonry walls without sufficient lighting, the broken step, and the lack of a handrail at the top of the stairs. The jury would have been entitled to disbelieve the testimony of Petsos that temporary work lights provided illumination for the stairway. Because there was sufficient evidence in the record, viewed in the light most favorable to

plaintiff, from which the jury could rationally find that Kendig had supervision and control over the general condition of the premises, and either created the unsafe conditions or had actual or constructive notice of them, the court erred in granting a directed verdict on the cause of action alleging common-law negligence.

We therefore reverse the judgment, deny in part Kendig's motion seeking a directed verdict, reinstate the cause of action for common-law negligence, and grant a new trial on that cause of action only. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Scudder and Burns, JJ.