■ JOSEPH M. DOCTEUR, Respondent, v BELLEVILLE-HENDERSON CENTRAL SCHOOL DISTRICT et al., Appellants. (Appeal No. 1.) [762 NYS2d 852] —Appeal from an order of Supreme Court, Jefferson County (Gilbert, J.), entered April 13, 2001, which granted plaintiff's motion to set aside a jury verdict and ordered a new trial on damages only.

■ JOSEPH M. DOCTEUR, Respondent, v BELLEVILLE-HENDERSON CENTRAL SCHOOL DISTRICT et al., Appellants. (Appeal No. 2.) [762 NYS2d 853] —Appeal from a judgment of Supreme Court, Jefferson County (Gilbert, J.), entered June 18, 2002, which awarded plaintiff a money judgment upon a jury verdict.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendants contend for the first time on appeal that their motion for a directed verdict on the claim alleging a violation of Labor Law § 241 (6) should have been granted

on the ground that they lacked actual or constructive notice of the dangerous condition. Thus, defendants failed to preserve that contention for our review (*see Rodgers v 72nd St. Assoc.,* 269 AD2d 258, 259 [2000]; *Ciesinski v Town of Aurora,* 202 AD2d 984, 985 [1994]; *see also* CPLR 4401).

Contrary to the further contention of defendants, Supreme Court properly denied their motion for a directed verdict on that claim on the grounds that 12 NYCRR 23-3.3 (demolition by hand) and 23-3.4 (mechanical methods of demolition) are inapplicable to the facts herein. "In determining a motion for a directed verdict, the court must view the evidence in the light most favorable to the nonmoving party * * * and * * * 'may grant the motion only if there is no rational process by which the jury could find for the plaintiff as against the moving defendants' " (*Murphy v Kendig,* 295 AD2d 946, 947 [2002]). According to the evidence presented at trial, plaintiff and his coworkers were attempting to remove a wall located underneath an I-beam by the use of a crane. The wall was to be lifted by means of straps looped through a hole created in the wall and then attached to the crane. Although the wall had been moved slightly from beneath the I-beam, the efforts to remove it had thus far been unsuccessful when the workers were directed to another location. The straps and crane were removed and, while plaintiff was informing the crane operator to cease the operations while the workers went to the other location, the wall fell on plaintiff. 12 NYCRR 23-3.3 (b) (3) and 23-3.4 (b) each provide that, with respect to the demolition of a wall, the wall shall not be left "unguarded in such condition that such parts may fall, collapse or be weakened by wind pressure or vibration." We do not agree with defendants' narrow reading of those sections and thus reject defendants' contention that neither section is applicable. Present—Hurlbutt, J.P., Scudder, Kehoe, Burns and Gorski, JJ.