■ MARILYN RODRIGUEZ, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [858 NYS2d 99]—

Judgment, Supreme Court, Bronx County (Mark Friedlander, J.), entered on or about August 25, 2006, upon a jury verdict awarding plaintiff damages in this medical malpractice action predicated on lack of informed consent, unanimously reversed,

on the law, without costs, and the complaint dismissed. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered July 6, 2006, which denied defendant's motion to set aside the verdict, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff alleged that although she signed a consent form for the surgery, her lack of ability to read English rendered that consent invalid. She further claimed she was not properly advised by defendant's surgeon that the recommended breast reduction surgery would leave hypertrophic scars, that he did not advise her of alternative treatment methods, and that her difficulty in understanding English prevented her from giving an informed consent.

"To recover damages for lack of informed consent, a plaintiff must establish, pursuant to Public Health Law § 2805-d, that (1) the defendant physician failed to disclose the material risks, benefits, and alternatives to the contemplated medical procedure which a reasonable medical practitioner 'under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation', and (2) a reasonably prudent person in the patient's position would not have undergone the procedure if he or she had been fully informed" (*Dunlop v Sivaraman*, 272 AD2d 570, 570-571 [2000], quoting subdivision [1] and citing subdivision [3] of the statute). Where a plaintiff fails to adduce expert testimony establishing that the information disclosed to the patient about the risks inherent in the procedure is qualitatively insufficient, the cause of action for medical malpractice based on lack of informed consent must be dismissed (CPLR 4401-a; *Gardner v Wider*, 32 AD3d 728, 730 [2006]), particularly where she has failed to prove that a reasonably prudent person in her position would not have undergone the procedure had she been fully informed of the risks of the procedure (*Evans v Holleran*, 198 AD2d 472, 474 [1993]).

In this case, Dr. Cooper, plaintiff's expert, reviewed plaintiff's medical files and records and found no fault with the surgery itself. However, while testifying that it is essential in this type of surgery to inform the patient specifically of the kinds of scarring possible, he did not indicate how the consent obtained by defendant's surgeon and medical staff was insufficient. In fact, his opinion was based on a hypothetical question that presupposed that plaintiff did not read or understand English, and that certain procedures which he deemed necessary were not followed, rather than what the actual evidence in this case revealed. Dr. Cooper further testified that he personally performed

nearly 1,000 breast reduction surgeries, and that in each case he discussed the full risks involved. Each of those patients elected to undergo the surgical procedure despite the stated risks.

Defendant's surgeon, while not specifically recalling the discussions with plaintiff concerning the risks involved in this surgery, testified that consent is an ongoing process of discussion between physician and patient, and that not all risks or matters of discussion are set forth in the signed consent form. Plaintiff testified that she had difficulty reading English and did not understand the consent form she signed for the surgery. She did not, however, ask to have a Spanish consent form or interpreter provided for the surgical consent, although she did sign a consent in Spanish for general medical services to be provided by the hospital. Moreover, although she claimed to have difficulty understanding English when spoken, she testified that she acted as a translator for another Spanish-speaking patient while at the hospital. While Dr. Cooper and defendant's two experts agreed that a lack of understanding of the English language would prevent a signed consent from being valid, there was insufficient evidence that plaintiff did not understand the discussions with defendant's surgeon or other hospital staff.

Of significance is the discrepancy in plaintiff's own testimony on the issue of whether she would have proceeded with the surgery in any event. Although she testified on direct examination that had she known about the potential for wide scarring she would not have undergone the procedure, she reversed course on cross-examination and testified that regardless of the risks involved, she would have had the surgery because she wanted to alleviate the pain in her back and shoulders. Indeed, she was even inconsistent with how she came to be at the plastic surgery unit of the hospital in the first place, initially stating she was referred there by the hospital clinic, but then stating it was her own idea to go to the plastic surgery unit to inquire about breast reduction surgery.

In short, plaintiff's expert evidence did not establish that the information provided to her was qualitatively insufficient, as a matter of law, to support the jury's finding that a reasonably prudent person in her position would not have proceeded with the surgery had she been fully informed of the risks, benefits and alternatives (Public Health Law § 2805-d [3]; *see Thompson v Orner*, 36 AD3d 791 [2007]). Concur—Nardelli, J.P., Williams, Sweeny and Catterson, JJ.