Newell v City of New York (2022 NY Slip Op 02762)

Newell v City of New York

2022 NY Slip Op 02762

Decided on April 26, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 26, 2022

Before: Renwick, J.P., Kapnick, Gesmer, Moulton, Shulman, JJ. 

Index No. 2021-01889 Appeal No. 15805 Case No. 21863/12E 

[*1]Hector Newell, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.

G. Wesley Simpson PC, Brooklyn (G. Wesley Simpson of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Julie Steiner of counsel), for respondents.

Order, Supreme Court, Bronx County (George J. Silver, J.), entered December 22, 2020, which granted the motion of defendants New York City Health and Hospitals Corporation, Jacobi Medical Center, North Central Bronx Hospital, North Bronx Healthcare Network, Dr. Melvin E. Stone, and Dr. Sheldon H. Tepperman for leave to reargue the denial of their motion for summary judgment dismissing the complaint and, upon reargument, granted the motion, unanimously affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Supreme Court providently exercised its discretion in concluding that plaintiff's expert, an internist who demonstrated no familiarity with surgery in general or abdominal surgery in particular, was not qualified to render an opinion that Dr. Melvin Stone departed from accepted standards of medical care in performing plaintiff's appendectomy (see Bartolacci-Meir v Sassoon, 149 AD3d 567, 571-572 [1st Dept 2017]; Guzman v 4030 Bronx Blvd. Assoc. LLC, 54 AD3d 42, 49 [1st Dept 2008]). Nor was plaintiff's expert qualified to opine on whether defendants' disclosures of the risks inherent in the procedure were "qualitatively inadequate" (see Gardner v Wider, 32 AD3d 728, 730 [1st Dept 2006]). In any event, the expert's contention that Dr. Stone allowed the cecum to dry out is speculative, and the expert's contention that the bowel became kinked during surgery is conclusory and unsupported by the evidence.
Plaintiff's affidavit stating that he was never informed of the risks of the appendectomy or later surgery is insufficient to raise an issue of fact with regard to the claim alleging lack of informed consent. Even accepting plaintiff's contention as true, his expert, as already noted, was not qualified to establish that defendants failed to disclose qualitatively adequate information about the risks of surgery, and an expert opinion on that issue is required for a viable informed consent claim (see id.). What is more, plaintiff failed to demonstrate, as required for an informed consent claim, that a reasonably prudent person, fully informed, would not have undergone the procedure (Public Health Law § 2805-d[3]; see Rodriguez v New York City Health & Hosps. Corp., 50 AD3d 464, 465 [1st Dept 2008]).
Dismissal of the complaint against Dr. Sheldon H. Tepperman was warranted for the independent reason that he was not involved in the surgery. We decline to consider plaintiff's further claim, which was previously dismissed in a prior order and not properly raised on this appeal, that a small bowel obstruction was misdiagnosed as appendicitis.
The alleged inconsistencies and omissions in plaintiff's medical chart are insufficient to raise an issue of fact precluding summary judgment, as they either go to his previously dismissed claim that appendicitis was misdiagnosed, or are irrelevant to whether the appendectomy was negligently performed and whether plaintiff was provided with proper informed consent.
THIS CONSTITUTES THE DECISION [*2]AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 26, 2022